**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN D. BOYER<br>2514 Olopua Street<br>Honolulu, HI 96822 | ) | |
| *Plaintiff,* | ) | |
| v. | ) | Civil Action No. 1:06-cv-00685-LBJ |
| THE UNITED STATES OF AMERICA | ) | |
| *Defendant.* | ) | |

# <u>FIRST AMENDED COMPLAINT</u>

**(APA Review of Decision of the Board for Correction of Naval Records, Claim for Back Pay and Allowances)**

## JURISDICTION

1. The Court has jurisdiction under 28 U.S.C. § 1491(a), (1) and (2). The action seeks allowances and ancillary relief against the United States Government for back pay and allowances. The statute mandating the payment of monies is 37 U.S.C. § 204. The monetary value of the relief requested is approximately $100,000.00 (one hundred thousand dollars).

## PARTIES

2. Plaintiff, John D. Boyer, is a physician and former U.S. Navy Commander and medical officer, whom the Navy has refused to award constructive service credit for longevity and pay purposes for the four years that he attended the Uniformed Services University of the Health Sciences (USUHS) from 1983 to 1987.

3. Defendant is the United States of America.

**STATUTE OF LIMITATIONS AND**
**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. On October 6, 1989, Plaintiff submitted an application to the BCNR for the correction of records relating to constructive service credit.

5. On July 10, 1990, Plaintiff was advised that the BCNR had denied his application.

6. On May 25, 1992, Plaintiff submitted a application to the BCNR for the correction of records relating to constructive service credit.

7. On June 25, 1992, Plaintiff was advised that the BCNR was unwilling to reconsider its decision regarding his initial application.

8. On May 1, 2003, Plaintiff submitted an application with new material evidence to the BCNR for the correction of records relating to constructive service credit.

9. On February 12, 2004, Plaintiff was advised that the BCNR had denied his application.

10. Plaintiff has exhausted all administrative remedies available to him.

11. 28 U.S.C. § 2501 requires the filing of a claim before this court within six years after such claim first accrues.

12. Plaintiff separated from the U.S. Navy on July 2, 2001.

13. As this Complaint is filed within six years of the date of his completion of active duty and final separation from the Navy, it is timely filed. 50 App. U.S.C. § 526(a); *Bickford v. United States*, 656 F.2d 636, 639 (Ct. Cl. 1981).

## STATEMENT OF FACTS

### Constructive Service Credit and DOPMA

14. Prior to September 15, 1981, pursuant to 37 U.S.C. 205(a), medical students who matriculated at USUHS and became medical officers in the military were entitled to receive constructive service credit of up to four years, so that the four years spent in medical school at USUHS would be creditable to them for the computation of basic pay.

15. The Defense Officer Personnel Management Act of 1980, P.L. No. 96-513, 94 Stat. 2835 (DOPMA), which became effective on September 15, 1981, repealed the constructive service credit, but contained a saving provision so that it did not affect the constructive service credit of any person who, on the day before the effective date of DOPMA, had already been enrolled in USUHS.

16. Members of the USUHS Class of 1985, who matriculated prior to the effective date of DOPMA, fell within the explicit exception of the saving provision of DOPMA and received their constructive service credit.

17. Although members of the USUHS Class of 1986 did not fall within DOPMA's explicit saving provision, they matriculated based on faulty representations that they would receive constructive service credit and thus all members of the Class of 1986 were later granted blanket relief on this issue by the Air Force, Army and Navy correction boards.

18. Members of the USUHS Class of 1987 also matriculated based on faulty representations that they would receive constructive service credit.

19. Members of the USUHS Class of 1987 have been granted relief on the constructive service credit issue by the Air Force and Army correction boards, but the BCNR has refused to

grant such relief.

**Plaintiff's Medical Education and Military Service**

20. Plaintiff matriculated at USUHS on or about August 20, 1983, and graduated on or about May 16, 1987, as a member of the USUHS Class of 1987.

21. The 1983-1984 USUHS Bulletin was made available to Plaintiff prior to matriculation and he relied on its representations regarding pay: "Longevity credit for pay purposes accrues for students for time spent in school." USUHS 1983-1984 Bulletin, p. 45.

22. Plaintiff was never informed of any rule or regulation or law which would prevent him from earning pay and credits for his years at USUHS, and never learned of DOPMA 1981 modifications until after matriculating at USUHS.

23. Plaintiff would not have attended USUHS had he known of the DOPMA changes in time to accept entrance into another medical school.

24. Plaintiff made a detrimental career decision based on erroneous information that he received concerning the granting of constructive service credit for longevity and pay purposes during time spent at USUHS.

25. Plaintiff was appointed in the United States Navy as an Ensign effective April 5, 1983.

26. Plaintiff entered active duty effective June 15, 1987.

27. Plaintiff was promoted to Lieutenant effective May 16, 1987; promoted to Lieutenant Commander effective July 1, 1992; and promoted to Commander effective July 1, 1998.

28. Plaintiff was separated from active duty and discharged from the Navy with an Honorable Discharge effective July 2, 2001, upon his resignation after completion of his required

active service.

**Application to the Board for Correction of Naval Records**

29. On October 6, 1989, an Application for Correction of Naval Records of Certain Members of the USUHS Class of 1987, including Plaintiff, was submitted to the BCNR, but subsequently denied.

30. On July 10, 1990, the BCNR advised Plaintiff that it had denied his application because Plaintiff had failed to demonstrate the existence of an error or injustice, noting: that the BCNR was not convinced that Plaintiff was misled by erroneous advice during recruitment as to constructive service credit; that the BCNR was not convinced that any miscounselling should have been a principal motivating factor in his decision to pursue a medical education at USUHS; that the BCNR's grant of relief to the USUHS students in the Class of 1986 was based on unique circumstances in that both the Air Force and Army correction boards had previously granted relief to Air Force and Army personnel and not to do so for Navy personnel would result in inequity; and that such reasoning does not apply to the Class of 1987 since the other correction boards have not acted favorably on similar petitions.

31. On May 25, 1992, Plaintiff submitted an application to the BCNR for the correction of records.

32. On June 25, 1992, Plaintiff was advised that the BCNR was unwilling to reconsider its decision regarding his initial application because he had submitted no material evidence that would tend to change the outcome of the prior decision.

33. On May 1, 2003, Plaintiff submitted his final application to the BCNR for the correction of records along with new documentation, including overwhelming evidence that

members of the USUHS Class of 1987 including Plaintiff had, despite previous indications to the contrary, in fact been misled and misadvised by USUHS and other officials regarding the issue of constructive service credit, and documentation that other members of the Class of 1987 had been granted relief by the Air Force and Army correction boards.

34. On July 9, 2003, Plaintiff was advised that his application and new evidence would not be submitted to the BCNR because the new evidence was not material and would not change the BCNR's decision.

35. On July 29, 2003, an attorney representing Plaintiff requested that the Executive Director of the BCNR provide the legal basis for rejecting Plaintiff's application without consideration by the BCNR and specify which evidence was not material.

36. On February 12, 2004, the BCNR advised Plaintiff that it had considered and denied his application on January 13, 2004, because the evidence submitted by Plaintiff was insufficient to establish the existence of probable material error or injustice, noting: that the BCNR's grant of relief to the USUHS students in the Class of 1986 was based on unique circumstances in that those students were recruited and commenced school in 1982, unlike Plaintiff who started medical school in 1983; that since the Air Force and Army correction boards had previously granted relief to their personnel in the Class of 1986, not to do so for Navy personnel would have resulted in a clear inequity; that although the Air Force correction board (AFBCMR) had granted relief to certain members of the Class of 1987, that it was the BCNR's position that the AFBCMR was wrong in granting blanket relief to the Class of 1986 and was wrong in granting relief to any members of the Class of 1987 regardless of recruiter misinformation, and that such relief had created serious inequities within the Class of 1987.

**Statistical and Regulatory Guidance Governing the Board for Correction of Naval Records**

37. 10 U.S.C. § 1552 provides for the correction of errors in the record of a member of the military. Upon timely application and consideration, the statute provides:

> The Secretary of a military department may correct any military record . . . when the Secretary considers it necessary to correct an error or remove an injustice. Except as provided in paragraph (2), such corrections shall be made by the Secretary acting through boards of civilians of the executive part of the military department.

10 U.S.C. § 1552(a)(1).

38. The BCNR is established by the Secretary of the Navy and consists of civilians of the executive part of the Department of the Navy who are appointed by the Secretary of the Navy; three members constitute a quorum. 32 C.F.R. § 723.2(a). The BCNR will review all matters that are properly before it to determine the existence of error or injustice. 32 C.F.R. § 723.2(b).

39. The BCNR has "an abiding moral sanction to determine, insofar as possible, the true nature of an alleged injustice and to take steps to grant thorough and fitting relief." *Yee v. Untied States*, 512 F.2d 1383, 1387-88 (Ct. Cl. 1975) (citations omitted).

40. The BCNR has authority to consider whether an injustice occurred due to a service member's lack of knowledge and consequent inability to act upon changes in federal law in order to restore benefits no longer available to him by statute. 41 Op. Att'y Gen. 94, 97 (1952).

## LEGAL CLAIMS

**Count 1**
**(The BCNR's action was arbitrary, capricious, and unsupported by substantial evidence.)**

41. The averments of the preceding paragraphs are incorporated by reference as if fully set forth herein.

42. The BCNR's final decision denying Plaintiff's application was arbitrary, capricious, and not supported by substantial evidence, and did not make rational connection between the facts found and the choice made, as required by law.

43. In its final decision, the BCNR stated that the reason it granted relief to Navy personnel in the USUHS Class of 1986 was to avoid a clear inequity because the Air Force and Army correction boards had previously granted such relief to their personnel in the Class of 1986; nonetheless, the BCNR refused to grant such relief to Plaintiff and other Navy personnel in the USUHS Class of 1987 despite recruiter misinformation, and despite the "serious inequities" that the BCNR acknowledged were created by the Air Force correction board (AFBCMR) having previously granted relief to its personnel in the Class of 1987.

44. The BCNR granted relief to the USUHS Class of 1986 to avoid an inequity, but refused to grant relief to the USUHS Class of 1987 under virtually identical circumstances despite recognizing the existence of "serious inequities."

45. The BCNR is obligated not only to properly determine the nature of any error or injustice, but also to take such corrective action as is necessary to provide full and effective relief. *Roth v. United States,* 378 F.3d 1371, 1381 (Fed. Cir. 2004); *Yee v. United States,* 512 F.2d 1383, 1387 (Ct. Cl. 1975).

46. Because the BCNR recognized the serious inequities in this case and yet failed to correct such injustice clearly presented in the record before it, the BCNR acted in violation of its mandate. *Roth v. United States,* 378 F.3d 1371, 1381 (Fed. Cir. 2004).

47. Although the BCNR discussed actions by the AFBCMR in its decision, it failed to respond to Plaintiff's arguments and evidence regarding decisions by the Army Board of Corrections

granting relief to members of the USUHS Class of 1987; such failure of the BCNR to respond to arguments raised by Plaintiff which are not frivolous and which could affect the BCNR's ultimate disposition is arbitrary. *See Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997).

48. The BCNR failed to perform its duties under 10 U.S.C. § 1552 and 32 C.F.R. § 723.2.

49. The BCNR decision was arbitrary, capricious, and unsupported by substantial evidence.

**Count II**
**(Violation of Constitutional Right to Equal Protection of the Laws)**

50. The averments of paragraphs 1 through 49 are incorporated by reference as if fully set forth herein.

51. Plaintiff has a right to equal protection of the laws under the Due Process Clause of the Fifth Amendment to the U.S. Constitution.

52. The BCNR's refusal to grant relief to Plaintiff and other Navy personnel who were members of the USUHS Class of 1987, while Army and Air Force members of the Class of 1987 and all members of the Class of 1986 were granted such relief, creates a special separate classification system for Navy personnel in the Class of 1987 and treats those individuals in a markedly different manner than those other individuals who were in virtually identical circumstances.

53. Defendant has no legitimate interest in maintaining a special classification system that mandates different treatment for Navy personnel in the USUHS Class of 1987 than for Army and Air Force personnel in the Class of 1987 and all personnel in the Class of 1986 who were in virtually identical circumstances.

54. The BCNR's policy of refusing to grant relief on the constructive service credit issue to Navy personnel in the USUHS Class of 1987 is not rationally related to any legitimate government

interest and therefore is unconstitutional.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

(1) Set aside the adverse actions taken against him by officials of the United States Navy;

(2) Order that Plaintiff be awarded constructive credit for pay purposes for his years at USUHS;

(3) Order that Plaintiff be awarded back pay, allowances, and other benefits to which he is entitled had the Navy complied with the relevant law and properly awarded him four years of constructive service credit (CSC) for the period during which he attended the Uniformed Services University of the Health Sciences (USUHS);

(4) Award Plaintiff attorneys' fees and costs expended in pursuit of this claim;

(5) Grant any other relief that the Court deems just and proper.

Respectfully submitted,

David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
512 8th Street, S.E.
Washington, DC 20003
Tel: 202.546.9575
Fax: 202.546.0135