**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN D. BOYER, | ) | |
| | ) | |
| *Plaintiff*, | ) | Civil Action No. 1:06-cv-00685-LBJ |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | The Honorable Lynn J. Bush |
| *Defendant*. | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff John D. Boyer hereby opposes Defendant's Motion to Dismiss. Boyer respectfully requests that this Court grant a hearing on this matter.

**STATEMENT OF THE CASE**

Defendant has filed a Motion to Dismiss, asserting lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), and alternatively asserting that the Complaint fails to state a claim upon which relief can be granted under RCFC 12(b)(6). Plaintiff filed an Amended Complaint on April 20, 2007.

Plaintiff, a former U.S. Navy Commander, was refused constructive service credit for longevity and pay purposes for the nearly four years that he attended the Uniformed Services University of the Health Sciences (USUHS). Complaint ¶ 2. Before September 15, 1981, students at USUHS who became military medical officers were entitled to receive constructive service credit, so their four years of medical school were creditable to them for the computation of basic pay. *Id.* ¶ 14. The Defense Officer Personnel Management Act of 1980, P.L. No. 96-513, 94 Stat. 2835 (DOPMA), repealed the credit, but contained a saving provision for any person already enrolled at USUHS. *Id.* ¶ 15. The saving provision did not apply to members of

the Class of 1986, yet because they matriculated based on faulty representations of constructive service credit, they were all later granted blanket relief by the correction boards of the Air Force (AFBCMR), Army (ABCMR), and Navy (BCNR) . *Id.* ¶ 17.

Plaintiff's Class of 1987 also matriculated based on faulty representations of constructive service credit. *Id.* ¶ 18, 21-24. Members of his class were granted relief by the AFBCMR and ABCMR, but the BCNR refused to grant such relief to Plaintiff. *Id.* ¶ 19. In its final decision, the BCNR found Plaintiff's evidence insufficient to establish material error or injustice, noting: the relief granted to the Class of 1986 was based on unique circumstances because those students were recruited and commenced school in 1982; since the AFBCMR and ABCMR previously granted relief to their personnel in the Class of 1986, not to do so for Navy personnel would have resulted in a clear inequity; the AFBCMR was wrong to grant relief to the Class of 1986 and to members of Plaintiff's class regardless of recruiter misinformation, and such relief had created serious inequities within Plaintiff's class. *Id.* ¶ 36. The BCNR failed to address Plaintiff's evidence that the ABCMR also granted relief to members of his class. *Id.* ¶ 47.

## ARGUMENT

### I. DEFENDANT'S RCFC 12(b)(1) MOTION TO DISMISS SHOULD BE DENIED.

#### A. Standard of Review for RCFC 12(b)(1) Motion.

When considering a motion to dismiss for lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Plaintiff has brought suit pursuant to the Tucker Act, 28 U.S.C. § 1491. Jurisdiction under the Tucker Act requires the plaintiff to "identify a substantive right for money damages against the United States separate from the Tucker Act itself." *Todd v. United States*, 386 F.3d 1091, 1094 (Fed.

Cir. 2004). However, it "is enough that a statute creating a Tucker Act right be reasonably amenable to the reading that it mandates a right of recovery in damages," and "a fair inference will do." *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 473 (2003). The Military Pay Act, 37 U.S.C. § 204, is one such statute. *Spehr v. United States*, 51 Fed. Cl. 69, 81 (2001).

**B. This Court Has Subject Matter Jurisdiction based on the Military Pay Act.**

Plaintiff, in his initial Complaint and First Amended Complaint, has properly alleged a money-mandating statute by invoking the Military Pay Act, 37 U.S.C. § 204. Plaintiff seeks back pay for the period during which he was "a member of a uniformed service" "on active duty." *Id.* Plaintiff has alleged that because he was improperly denied constructive service credit, he did not receive the proper amount of basic pay and related allowances. Complaint at ¶ 1. Claims for back pay stemming from active duty are within the jurisdiction of the Court of Federal Claims under 28 U.S.C. § 1491(a). *See Spehr*, 51 Fed. Cl. at 81. Plaintiff has thus properly pleaded entitlement to back pay under federal law, and this Court has jurisdiction to adjudicate his claims. *See Lewis v. United States*, 67 Fed. Cl. 158, 161 (2005).

Whether Plaintiff is likely to succeed on the merits is irrelevant to a determination of subject matter jurisdiction. *Spehr*, 51 Fed.Cl. at 81. It has long been held by this court and its predecessor that "a claimant who says he is entitled to money from the United States because a statute or a regulation grants him that right, in terms or by implication, can properly come to the Court of Claims, at least if his claim is not frivolous, but arguable." *Id.*

In support of its motion, Defendant relies upon *Crocker v. United States*, 125 F.3d 1475 (Fed. Cir. 1997), and *Mullenberg v. United States*, 857 F.2d 770 (Fed Cir. 1988). However, these two non-military cases are clearly distinguishable because both were dismissed for lack of

Tucker Act jurisdiction based on the absence of any money mandating statute. Further, *Crocker* was also dismissed on grounds that the plaintiff sought equitable relief in the form of the recovery of specific property, rather than money damages. *Crocker*, 125 F.3d at 1477.

In contrast, Plaintiff here seeks money damages. Moreover, Plaintiff has specifically cited a money mandating statute, the Military Pay Act, as the basis for his claims. Thus, the Court of Federal Claims "clearly ha[s] subject matter jurisdiction" in a case such as this where Plaintiff has "alleged that the Government owe[s] him money, a claim based on military service for which he ha[s] not been paid." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999) (citation omitted). *See also Anderson v. United States*, 59 Fed. Cl. 451, 457 (2004). Although constitutional claims alone may not be sufficient to trigger Tucker Act jurisdiction, in cases like this where Tucker Act jurisdiction exists based on a money mandating statute such as the Military Pay Act, this Court has exercised its jurisdiction and resolved related constitutional claims on the merits. *See, e.g., Loomis v. United States*, 68 Fed. Cl. 503, 517-22 (2005) (analyzing substantive due process and equal protection claims).

Defendant's RCFC 12(b)(1) motion to dismiss should therefore be denied because this Court has subject matter jurisdiction based on the Tucker Act and the Military Pay Act.

## II. DEFENDANT'S RCFC (12)(b)(6) MOTION TO DISMISS SHOULD BE DENIED.

### A. Standard of Review for RCFC 12(b)(6) Motion.

When deciding a motion to dismiss under RCFC 12(b)(6), the courts "must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor." *Barney v. United States*, 57 Fed. Cl. 76, 81 (2003). Furthermore, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 45-46 (U.S. 1957) (citations omitted).

**B. Plaintiff Has Sufficiently Stated a Claim for Back Pay.**

Military Basic pay is computed based on an individual's pay grade (as determined by the person's rank) and cumulative years of service. Had Plaintiff been given constructive service credit for his four years of medical school, each and every monthly paycheck that he received during his years in the Navy would have been higher.[1] That difference in his basic pay, and related allowances, is the basis for this lawsuit. Plaintiff seeks judicial review of a BCNR decision that denied him military pay to which he was entitled while on active duty in the Navy. The issue is whether the BCNR's decision is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004). *See* Complaint at ¶ 42. Moreover, because this case involves only the denial of back pay and related benefits and does not challenge the military's determination of who should serve or in what capacity, the standard of review is broader than in many military cases:

> In cases merely implicating the denial of benefits . . . the Federal Circuit explained that a broader standard of review, similar to that applied to other administrative agency decisions, is appropriate, allowing the court to examine the merits of an agency's decision.

---

[1]This significant difference in monthly pay is evident in any military basic pay chart. For example, at the rank of Commander in January 2001, Plaintiff had a Pay Grade of O-5. Basic pay for a service member with that pay grade having over 12 cumulative years of service was $4,831.80 per month, while an individual with the same pay grade but having over 16 cumulative years of service was $5,481.60 per month. Had Plaintiff been given the constructive service credit to which he was entitled for the nearly four years he spent at USUHS, he would thus have been paid approximately $650 more for January 2001, and similarly would have received more pay every month that he was in the Navy. *See* DOD website with military pay rates: http://www.dod.mil/dfas/militarypay/2006militarypaytables/militarypaypriorrates.html ; *see* January 2001 pay rates: http://www.dod.mil/dfas/militarypay/2006militarypaytables/militarypaypriorrates/01-2001.pdf *See also generally* 37 U.S.C.A. § 1009 (annotations include military basic pay charts that demonstrate pay calculation is dependent upon pay grade and cumulative years of service).

*Loomis*, 56 Fed. Cl. at 508; *Fisher v. United States*, 402 F.3d 1167, 1182 (Fed. Cir. 2005).

Defendant asserts that Plaintiff is seeking merely gratuitous relief based on equitable principles, and that the BCNR's decision is not reviewable by this Court. Defendant is wrong. Plaintiff seeks military pay to which he is entitled, on grounds that the BCNR's decision in his case is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. That decision is arbitrary and capricious because it treated him differently than similarly situated individuals in the Class of 1986 and in his class for no reason. Further, because Plaintiff was treated differently by Defendant United States than similarly situated individuals who were literally and figuratively in the same class and because such disparate treatment bears no rational relationship to any legitimate governmental purpose, such treatment violates Plaintiff's rights under the equal protection component of the Due Process Clause of the Fifth Amendment. *See Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993). The government is prohibited "from treating differently persons who are in all relevant respects alike." *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Thus the BCNR's decision is contrary to law.

Finally, Plaintiff's claim that the BCNR decision was arbitrary and capricious is also based on the fact that the BCNR failed to address Plaintiff's evidence and argument that the ABCMR, as well as the AFBCMR, granted relief to members of his class. Complaint ¶ 47. Such failure of the BCNR to respond to arguments raised by Plaintiff which are not frivolous and which could affect the BCNR's ultimate decision is arbitrary. *See Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997).

In support of its motion, Defendant relies upon *Reale v. United States*, 208 Ct. Cl. 1010 (1976), a thirty year old unpublished opinion that is clearly distinguishable because it involved

an inactive reservist seeking retroactive promotion. Further, *Reale* relied upon *Yee v. United States*, 512 F.2d 1383, 1387 (Ct. Cl. 1975). But *Yee* specifically held that "when a correction board fails to correct an injustice clearly presented in the record before it, it is acting in violation of its mandate" "and such a violation . . . is arbitrary and capricious." *Yee*, 512 F.2d at 1387 (citations omitted). *See also Roth*, 378 F.3d at 1381. The BCNR's decision here reveals just such an injustice. The BCNR acknowledged that it had granted relief to all Navy personnel in the Class of 1986, because not to do so would have resulted in a clear inequity since the AFBCMR and ABCMR had previously granted relief to their personnel in that class. Yet at the same time, the BCNR refused to relief to Navy personnel in the Class of 1987 including Plaintiff, despite an identical situation.

Moreover, *Yee* was based on an earlier Court of Claims decision, *Skaradowski v. United States*, 471 F.2d 627, 628 (1973):

> [T]he statutory charter of the boards for correction of military records (10 U.S.C. § 1552) provides for correction of "*any* military record" when considered necessary "to correct an error *or remove an injustice*" . . . . The court has absolutely no doubt that under this liberal standard, together with the admitted facts, the board was required to change plaintiff's records . . . . The board's contrary determination was arbitrary and capricious under the controlling standard as well as unsupported by substantial evidence and legally erroneous. The record compelled the board to correct plaintiff's records in order to "remove an injustice" against him.

*Skardowski*, 471 F.2d at 628, *quoted in Yee*, 512 F.2d at 1387 (emphasis in original). The "same rationale applies in the present case." *Yee*, 512 F.2d at 1387.

In support of its motion, Defendant also cites *Anderson*, 59 Fed. Cl. 451. Yet *Anderson* is inapposite because that case involved a plaintiff who was not on active duty during the time for which he requested payment and yet he refused to be reinstated. More importantly, in stark contrast to the case at bar, the plaintiff in *Anderson* did not specify the grounds upon which he

opposed the BCMR's decision, or "cite to any particular evidence that would work to undermine the Board's findings and conclusions." *Id.* at 460. The only other support that Defendant cites in support of its argument on this point is another unpublished opinion, *Balbinot v. United States*, 99 F.3d 1160 (Fed. Cir. 1996) (table). Yet *Balbinot* is hardly analogous, given that the issue in that case was whether the plaintiff was entitled to a medical hearing before being separated from the military for physical disability.

This Court must determine whether the BCNR's decision is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. *See Roth*, 378 F.3d at 1381. Plaintiff has alleged that he is entitled to military pay, and that there exist specific reasons for the Court to find that the BCNR's decision is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. Thus Plaintiff has satisfied the requirements of RCFC 12(b)(6) and stated a claim upon which relief can be granted. Defendant's motion should therefore be denied.

**C. Plaintiff's First Amended Complaint Makes No Claim for Retirement Pay.**

As noted by in Defendant's motion, Plaintiff does not qualify for retirement. On April 20, Plaintiff filed his First Amended Complaint, omitting any claim for retirement pay or benefits. Therefore, Defendant's argument regarding retirement pay is moot.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

David P. Sheldon
Counsel for Plaintiff

April 20, 2007