# In the United States Court of Federal Claims

No. 06-685 C

(Filed May 1, 2007)

* * * * * * * * * * * * * * * * * *
JOHN D. BOYER, *
*
*Plaintiff*, *
*
v. *
*
THE UNITED STATES, *
*
*Defendant*. *
* * * * * * * * * * * * * * * * * *

**ORDER**

On April 21, 2007, plaintiff filed Plaintiff's Motion for Leave to File First Amended Complaint, wherein plaintiff stated defendant opposed the motion. During a telephonic status conference of this date, the court discussed with counsel the advantages of ruling on plaintiff's motion before allowing further briefing on that motion, or on defendant's pending motion to dismiss. Counsel concurred in the court's decision to eliminate superfluous briefing which would only be mooted by the court's decision to allow plaintiff's first amended complaint to be filed.

The Rules of the United States Court of Federal Claims (RCFC) permit a plaintiff to file an amended complaint by right if defendant has not yet answered the complaint. RCFC 15(a). A motion to dismiss is not considered to be a responsive pleading which would trigger restraints on plaintiff's freedom to file a first amended complaint "as a matter of course." *Id.*; *see, e.g.*, *Am. Int'l Specialty Lines Ins. Co. v. United States*, 71 Fed. Cl. 37, 39 (2006) (citing *Cuyahoga Metro. Hous. Auth. v. United States*, 57 Fed. Cl. 751, 780 n.40 (2003) and *Devon Energy Corp. v. United States*, 45 Fed. Cl. 519, 525-26 (1999)). The argument that amendment of a complaint would be futile is pertinent only where leave of the court is necessary for plaintiff to amend the complaint. *See Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403-04 & n.4 (Fed. Cir. 1989) (stating that "'undue

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment' may justify the denial of a motion for leave to amend" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962))). Here, because leave of the court is not required, the court must allow the filing of the amended complaint pursuant to RCFC 15(a), even if defendant would oppose that filing.

An amended complaint requires a responsive pleading from defendant. RCFC 15(a). Even if only minor changes need to be made to a former pleading to conform it to the new complaint, the filing of a renewed motion to dismiss, or an answer, provides the court with the parties' positions regarding the dispute before the court and avoids potential docket confusion. To this end, the court moots defendant's motion to dismiss, plaintiff's opposition to that motion, and defendant's motion for an enlargement of time to reply to plaintiff's opposition to its motion to dismiss.

Accordingly, it is hereby **ORDERED** that

(1) Plaintiff's Motion for Leave to File First Amended Complaint, filed April 21, 2007, is **GRANTED**;

(2) Plaintiff's First Amended Complaint, submitted on April 21, 2007, is **DEEMED** to have been **FILED** on **May 1, 2007**;

(3) Defendant's Motion to Dismiss, filed December 18, 2006, is **DENIED** as moot;

(4) Defendant's Unopposed Motion for an Enlargement of Time to file its response to plaintiff's motion to amend the complaint and its reply to plaintiff's opposition to defendant's motion to dismiss, filed May 1, 2007, is **DENIED** as moot; and

(5) Defendant's pleading in response to plaintiff's First Amended Complaint shall be **FILED** on or before **May 8, 2007**.[1]

/s/Lynn J. Bush
LYNN J. BUSH
Judge

[1]/ Subsequent filings shall be in accordance with the schedule provided by the rules of the court.