IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN D. BOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-685C |
| v. | ) | (Judge Bush) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests the Court to dismiss plaintiff's first amended complaint upon the ground that the Court lacks subject matter jurisdiction. In the alternative, pursuant to RCFC 12(b)(6), defendant respectfully requests the Court to dismiss the first amended complaint upon the ground that it fails to state a claim upon which relief can be granted. In support of this motion, we rely upon the pleadings and this brief.

**DEFENDANT'S BRIEF**

**ISSUES PRESENTED**

1. Whether this Court lacks jurisdiction to entertain plaintiff's equal protection claim.

2. Whether this Court may grant plaintiff equitable relief.

**STATEMENT OF THE CASE**

**I. Nature Of The Case**

Plaintiff, Dr. John D. Boyer, served on active duty in the United States Navy ("Navy") between 1983 and 2001, which included four years of funded medical education at the Uniformed Services University of the Health Sciences ("USUHS"). After competing his medical

education, Dr. Boyer served an additional fourteen years. Compl. ¶ 2, 12, 25, 26. Dr. Boyer alleges that the Board of Correction of Naval Records ("BCNR") was arbitrary and capricious in refusing to give him four years of constructive service credit for the period during which he attended USUHS. He requests that the Court order that he be awarded a constructive service credit, back pay, allowances and any other benefits due to him as a result of the credit. Compl. at 10. He contends that the Military Pay Act ("MPA"), 37 U.S.C. § 204, is the money mandating statute underlying his claim, and that the Court possesses subject matter jurisdiction pursuant to the Tucker Act. Compl. ¶ 1.

## II. Statement Of Facts

For the purposes of this motion only, we assume the facts stated in the complaint are true.

Dr. Boyer was appointed in the Navy as an Ensign effective April 5, 1983. Compl. ¶ 25. He matriculated at USUHS on August 20, 1983 and graduated on May 16, 1987. Compl. ¶ 20. From 1987 to 2001, he served as a Navy medical doctor. Compl. ¶ 2, 26, 28. On July 2, 2001, Dr. Boyer completed his obligated service to the Navy, voluntarily resigned his commission, and was discharged from the military at the rank of Commander. Compl. ¶ 27, 28.

Prior to September 15, 1981, medical students who matriculated at USUHS and became medical officers in the military were entitled to receive a constructive service credit of up to four years, pursuant to 37 U.S.C. § 205(a). That is, the four years at USUHS would be creditable for the computation of basic pay. Effective September 15, 1981, the constructive service credit was repealed by the Defense Officer Personnel Management Act of 1980, Pub. L. No. 96-513, § 402, 94 Stat. 2835 (1980) ("DOPMA"). However, DOPMA contained a saving provision stating that it had no effect upon the constructive service credit of any person who, upon the day before the

effective date of DOPMA, had already been enrolled in USUHS. DOPMA § 625(b)(2). Thus, the saving provision permitted members of the classes of 1985 and earlier to receive the constructive service credit. Although the class of 1986 did not explicitly fall within the saving provision, the military correction boards decided that members of the class of 1986 had matriculated based upon the representation that they would receive constructive service credit. Therefore, the military corrections boards granted members of the class of 1986 blanket relief, adjusting their matriculation dates to the day before DOPMA's effective date so they would be entitled to service credit. Compl. ¶ 17. Some individual members of the class of 1987 (Dr. Boyer's class) have been granted constructive service credits by the Air Force Board for Correction of Military Records ("AFBCMR") and the Army Board for Correction of Military Records ("ABCMR"), but the BCNR has not granted constructive service credit to any member of the class of 1987. Compl. ¶ 19.

On October 6, 1989, an application for correction of records of "certain members" of the class of 1987, including Dr. Boyer, was submitted to the BCNR. Compl. ¶ 29. On July 10, 1990, the BCNR denied Dr. Boyer's application. Compl. ¶ 30. On May 25, 1992, Dr. Boyer again submitted an application to the BCNR for the correction of records. Compl. ¶ 31. On June 25, 1992, the BCNR decided not to reconsider its prior decision because Dr. Boyer had submitted no material evidence that would tend to change the prior decision.

On May 1, 2003, Dr. Boyer submitted another application to the BCNR, allegedly with new evidence that the class of 1987 had been misled by USUHS, and that certain members of the class of 1987 had been granted relief by the AFBCMR and ABCMR. Compl. ¶ 33. On July 9, 2003, Dr. Boyer was notified that his application would not be reconsidered by the BCNR

because the new information was not material and would not change the BCNR's decision. Compl. ¶ 34. On July 29, 2003, Dr. Boyer requested that the BCNR provide the legal basis for rejecting his application without consideration by the BCNR and specify which information was not material. Compl. ¶ 35. On February 12, 2004, the BCNR stated that the evidence submitted by Dr. Boyer was insufficient to establish the existence of probable material error or injustice. Compl. ¶ 36.

Dr. Boyer asks this Court to review the BCNR's 2004 denial of his request for equitable relief. Compl. ¶42. Dr. Boyer contends that the BCNR decision was arbitrary and capricious because it did not grant the same equitable relief given by the Army and Air Force boards of correction. Compl. ¶ 42, 43, 47. Dr. Boyer also contends that he deserves the same equitable relief from the Navy as the entire USUHS class of 1986 and select Air Force and Army officers from the USUHS class of 1987 because a failure to provide the same relief constitutes "a special classification system that mandates different treatment for Navy personnel in the USUHS class of 1987 than for Army and Air Force personnel" in that class. Compl. ¶ 47, 52.

## ARGUMENT

## I. Standards Of Review

### A. RCFC (12)(b)(1) Motion To Dismiss

The Court of Federal Claims is a court of limited jurisdiction. Dynalectron Corp. v. United States, 4 Cl. Ct. 424, 428, aff'd, 758 F.2d 665 (Fed. Cir. 1984)(table). If the Court finds jurisdiction lacking as a matter of law, dismissal is required. Thoen v. United States, 765 F.2d 1110, 1116 (Fed. Cir. 1985). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S.

178, 189 (1936); Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir. 1997) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)).

When considering a motion to dismiss based upon lack of subject matter jurisdiction, this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court may examine relevant evidence in order to resolve any factual disputes. See Moyer v. United States, 190 F.3d 1314, 1318 (Fed. Cir. 1999); Reynolds, 846 F.2d at 747.

### B. RCFC (12)(b)(6) Motion To Dismiss

When deciding on a motion to dismiss based upon failure to state a claim pursuant to RCFC 12(b)(6), this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Perez v. United States, 156 F.3d 1366, 1370 (Fed. Cir. 1998). "A motion to dismiss for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the claimant do not, under the law, entitle him to a remedy." Id.

## II. Dr. Boyer's Equal Protection Claim Should Be Dismissed For Lack Of Subject Matter Jurisdiction

"A claim may be brought in the Court of Federal Claims under the Tucker Act, codified at 28 U.S.C. §1491, by which Congress has explicitly consented to suit and waived sovereign immunity, but only when a substantive right to money damages is otherwise provided." Crocker v. United States, 125 F.3d 1475, 1476 (Fed Cir. 1997). These suits include "those founded either

upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or damages in cases not sounding in tort." 28 U.S.C. §1491(a)(1).

"[I]t is firmly settled that [the Constitution's due process and equal protection clauses] do not obligate the United States to pay money damages. . . . Therefore, these clauses of the fifth amendment do not trigger Tucker Act jurisdiction." Mullenberg v. United States, 857 F.2d 770, 773 (Fed. Cir. 1988). In Crocker, the Federal Circuit concluded that the plaintiff "could not adjudicate her due process claim [in the Court of Federal Claims] because it would require equitable enforcement, a remedy available only in a district court." Crocker, 125 F.3d at 1476.

Count II of the complaint alleges violation of the right to equal protection pursuant to the Due Process Clause of the Fifth Amendment. Specifically, Dr. Boyer alleges that his equal protection rights were violated because he was not given constructive service credit by the BCNR, whereas other members of the class of 1987 were given credit by the AFBCMR and AFBCMR. Compl. ¶ 51, 52. The Court is without subject matter jurisdiction to consider this Fifth Amendment claim, and therefore the claim should be dismissed.

## III. Dr. Boyer's Claims Should Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted Because His Request Is For Equitable Relief

On February 12, 2004, the BCNR denied Dr. Boyer's request to change his military record to indicate that he matriculated before the effective date of DOPMA. Compl. ¶17, 36. Dr. Boyer acknowledges that the matriculation date in his record is accurate and that he did, in fact, matriculate at USUHS almost two years after the effective date of DOPMA. Compl. ¶ 15, 17, 18, 20. Without a change to Dr. Boyer's matriculation date, the Navy is prohibited by DOPMA from granting constructive service credit for his four years of study. Dr. Boyer does

not assert any statute, regulation, contract, or provision of the Constitution that states otherwise. Dr. Boyer simply asks the Court to overturn the BCNR's denial of discretionary relief because the AFBCMR and ABCMR granted relief to other individuals in allegedly similar circumstances. That is, Dr. Boyer asks the Court to overturn the BCNR's decision based upon equitable principles.

The BCNR has authority to act upon behalf of the Secretary of the Navy to "correct any military record . . . when . . . necessary to correct an error or injustice." 10 U.S.C. §1552(a)(1). The BCNR can authorize relief based upon equitable principles not applicable in the Court of Federal Claims. See Anderson v. United States, 59 Fed. Cl. 451, 457 (2004). While "[t]he correction board can . . . correct an injustice not amounting to legal error[, this Court's] authority is more restricted. It takes more than . . . simple injustice to merit [this Court's] consideration or judicial relief." Skinner v. United States, 594 Ct. Cl. 322, 332-33 (1979). Here, it is uncontested that the denial of constructive service credit was legal pursuant to DOPMA, therefore the "correction" of Dr. Boyer's military record would merely be based upon his claim of injustice. Thus, the BCNR's decision not to "correct" his record does not merit this Court's consideration or judicial relief. Accordingly, this Court may not "correct" Dr. Boyer's matriculation date to give him the constructive credit he would be entitled to had he matriculated prior to September 15, 1981. Nor can the Court grant Dr. Boyer back pay reflecting the pay he would have received had he matriculated prior to September 15, 1981. Thus, this Court should dismiss Dr. Boyer's back pay claim for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court grant our motion to

dismiss the complaint for lack of subject matter jurisdiction, pursuant to RCFC 12(b)(1). Alternatively, we respectfully request that the Court grant our motion to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to RCFC 12(b)(6).

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Tel: (202) 353-7978
Fax: (202) 514-8624
Washington, D.C. 20530

Attorneys for Defendant

Of Counsel:
Lieutenant Commander James Ouellette
Department of the Navy
Office of the Judge Advocate General
General Litigation Division
1322 Patterson Ave., S.E.
Suite 3000
Washington Navy Yard, D.C.
Tel: (202) 685-5452
Fax: (202) 685-5472

May 8, 2007

CERTIFICATE OF SERVICE

I certify under that on this 8th day of May, 2007, a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. In understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ MEREDYTH D. COHEN