IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN D . BOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-685C |
| | ) | (Judge Bush) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR
JUDGMENT UPON THE ADMINISTRATIVE RECORD

Pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that this Court enter judgment upon the administrative record in favor of the United States. In support of this motion, we rely upon the First Amended Complaint, the administrative record, and the following brief.

STATEMENT OF THE ISSUE

Whether the decision of the Board for Correction of Naval Records ("BCNR") denying plaintiff's application for the correction of his military records to reflect constructive service credit for four years of funded medical education at the Uniformed Services University of the Health Sciences ("USUHS") was arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

STATEMENT OF THE CASE

Dr. Boyer was appointed as an Ensign in the Navy on April 5, 1983. AR 121.[1] He matriculated at USUHS in August 1983, and graduated in May 1987, as a member of the class of

[1] "AR __" refers to the administrative record, filed on August 15, 2007.

1987. AR 95. Dr. Boyer entered active duty service with the Navy on June 15, 1987. Compl. ¶ 26.[2] On July 2, 2001, Dr. Boyer completed his obligated service to the Navy, voluntarily resigned his commission, and was discharged from the military at the rank of Commander. Compl. ¶ 27, 28.

Prior to September 15, 1981, medical students who matriculated at USUHS and became medical officers in the military were entitled to receive a constructive service credit of up to four years. 37 U.S.C. § 205(a) (1962). Effective September 15, 1981, the constructive service credit was repealed by the Defense Officer Personnel Management Act of 1980, Pub. L. No. 96-513, §402, 94 Stat. 2835 (1980) ("DOPMA"). DOPMA contained a saving provision stating that it had no effect upon the constructive service credit of any person who, upon the day before the effective date of DOPMA, had already been enrolled in USUHS. DOPMA § 625(b)(2). Thus, the saving provision permitted members of the classes of 1985 and earlier to receive the constructive service credit.

On October 2, 1989, Dr. Boyer, along with other Navy personnel in the USUHS class of 1987, applied to the BCNR for correction of his naval record to receive four years of constructive service credit. AR 122 - 157. On July 10, 1990, the BCNR issued a decision denying Dr. Boyer's application. AR 113 -114. On May 25, 1992, Dr. Boyer submitted a petition for reconsideration to the BCNR, again seeking four years of constructive service credit. AR 98 - 110. In a letter dated June 25, 1992, W. Dean Pfeiffer, the Executive Director of the BCNR, denied Dr. Boyer's request for reconsideration, concluding that he had failed to submit new material evidence that would support reconsideration of the BCNR's previous decision. AR

[2] "Compl. __" refers to the First Amended Complaint, filed on May 1, 2007.

96-97.

On May 1, 2003, Dr. Boyer submitted another petition for reconsideration to the BCNR, asserting that new information had been obtained showing that the BCNR's initial decision was erroneous and should be corrected. AR 8 - 95. In a letter dated July 9, 2003, Mr. Pfeiffer denied Dr. Boyer's request for reconsideration, stating that Dr. Boyer had failed to submit new material evidence that would justify reconsideration of the BCNR's previous decisions. AR 6-7. On July 29, 2003, Dr. Boyer requested an explanation of the legal basis for the authority of the BCNR executive director to reject Dr. Boyer's petition without BCNR consideration. AR 5. Dr. Boyer also requested an explanation of which evidence was considered new, why it was not considered material, and which old evidence did not warrant reconsideration in light of the new evidence. Id. In a February 12, 2004 letter, the BCNR informed Dr. Boyer that a three-member panel considered his application and denied it. AR 1-2. The BCNR determined that, after considering the entire record, the evidence submitted was "insufficient to establish the existence of probable material error or injustice." AR 1.

On October 2, 2006, Dr. Boyer filed a complaint with this Court. On May 1, 2007, Dr. Boyer filed his First Amended Complaint.

## STATEMENT OF FACTS

In accordance with RCFC 52.1(b), defendant filed a separate statement of facts upon which defendant bases its motion for judgment upon the administrative record.

## SUMMARY OF THE ARGUMENT

The decision of the BCNR denying Dr. Boyer's request for four years of constructive service credit was not arbitrary, capricious, unsupported by substantial evidence, or contrary to

law. The BCNR properly determined that DOPMA precludes granting Dr. Boyer service credit, that any alleged miscounseling was not a "pivotal factor" in Dr. Boyer's decision to attend USUHS, and that the granting of relief to the class of 1986 and some Air Force and Army members of the class of 1987 was not an adequate basis upon which to grant Dr. Boyer relief. The BCNR also properly stated that the decisions of one service's corrections board need not be followed by other services' boards.

The decision of the BCNR denying Dr. Boyer's request for four years of constructive service credit did not violate the Due Process Clause of the Fifth Amendment because it was supported by legitimate government purposes.

## ARGUMENT

### I. Standard Of Review

A motion for judgment upon the administrative record is distinguishable from a motion for summary judgment. Bannum, Inc. v. United States, 404 F.3d 1346, 1355 (Fed. Cir. 2005); see also Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1372 (Fed. Cir. 2006). In reviewing a motion for judgment upon the administrative record, the Court asks whether, given all the disputed and undisputed facts, a party has met its burden of proof based upon the evidence in the record. A&D Fire Prot., Inc. v. United States, 72 Fed. Cl. 126, 131 (2006). The existence of a question of fact neither precludes the granting of a motion for judgment nor requires this Court to conduct an evidentiary proceeding. See Saab Cars, 434 F.3d at 1372; Fort Carson Support Servs. v. United States, 71 Fed. Cl. 571, 585 (2006). Instead, such fact questions must be resolved by reference to the administrative record, "as if [this Court] were conducting a trial on [that] record." Bannum, 404 F.3d at 1357; see also Groff v. United States, 72 Fed. Cl. 68, 70

(2006).

The standard of review for a motion for judgment upon the administrative record under RCFC 52.1 depends upon the specific law to be applied in the specific case. See Rules Committee Note to RCFC 52.1; Rominger v. United States, 72 Fed. Cl. 268, 272 (2006); but see Bice v. United States, 72 Fed. Cl. 432, 441 (2006) ("The standard of review for a motion for judgment on the administrative record under RCFC 52.1 remains unchanged from the standard under the now-repealed RCFC 56.1.").

In the present case, the Court is governed by the well-settled standards governing review of military correction board decisions. Once a plaintiff has sought relief from a military corrections board, he is bound by that board's determination unless he can demonstrate that the board's determination was arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998); Koretsky v. United States, 57 Fed. Cl. 154, 158 (2003); Myers v. United States, 50 Fed. Cl. 674, 688 (2001). Dr. Boyer can only meet his considerable burden by presenting "cogent and convincing evidence" that the BCNR's decision was in error. Dorl v. United States, 200 Ct. Cl. 626, 633 (1973), cert. denied, 414 U.S. 1032 (1973).

This standard of review "does not require a reweighing of the evidence, but a determination whether the conclusion being reviewed is supported by substantial evidence." Heisig v. United States, 719 F.2d 1153, 1157 (Fed. Cir. 1983). Because the Court of Federal Claims does not sit as a "super correction board," when substantial evidence supports a board's action, and when that action is reasonable in light of all the evidence presented, the Court will not disturb the result. Van Cleave v. United States, 70 Fed. Cl. 674, 678-79 (2006).

Judicial review in this case is limited to the administrative record before the BCNR. See Wyatt v. United States, 23 Cl. Ct. 314, 319 (1991); Long v. United States, 12 Cl. Ct. 174, 177 (1987). As a general rule, courts presume civil and military officials in the armed forces act properly and in accordance with the law. Bockoven v. United States, 727 F.2d 1558, 1563 (Fed. Cir.1984), cert. denied, 469 U.S. 880 (1984). Accordingly, the plaintiff bears the burden of overcoming the "strong, but rebuttable, presumption" that the military discharges its duties "correctly, lawfully and in good faith." Bernard v. United States, 59 Fed. Cl. 497, 501 (2004), (quoting Hary v. United States, 618 F.2d 704, 707-08 (1980)).

## II. The BCNR's Decision Is Not Arbitrary, Capricious, Unsupported By Substantial Evidence, Or Contrary To Law

After reviewing the allegations contained in Dr. Boyer's application for the correction of military records and the administrative record, the BCNR determined that Dr. Boyer had failed to show probable material error or injustice, and accordingly denied his application. The BCNR's determination is not arbitrary, capricious, unsupported by substantial evidence, or contrary to law.

The BCNR correctly noted that DOMPA "expressly precludes granting constructive service credit for pay purposes." AR 1. Furthermore, Dr. Boyer acknowledges that he is not entitled to constructive service credit under DOPMA and did not fall within the savings clause of DOPMA by being enrolled in USUHS before September 15, 1981. See Compl. ¶¶ 15-17. Thus, in denying Dr. Boyer's application, the BCNR was acting consistently with, not contrary to, law. As the BCNR stated, "absent special circumstances that give rise to a clear injustice it would be contrary to both the spirit and the express letter of the law to grant requests for constructive service credit for pay purposes." AR 1.

The BCNR next addressed Dr. Boyer's assertions concerning erroneous advice he allegedly received regarding constructive service credit. The BCNR's conclusion that the alleged erroneous advice was not a "pivotal factor" in Dr. Boyer's decision to attend USUHS is supported by substantial evidence. None of the correspondence received by Dr. Boyer from USUHS prior to his matriculation said that he would receive credit for pay purposes. See AR 102-05. It is true that several members of the class of 1987 received the USUHS Bulletin 1983-1984, which stated that "longevity credit for pay purposes [accrues] for students for time spent in school." AR 58, 65, 66, 71, 75, 78, 95. However, according to Peter J. Stavish, Director of Admissions/Registrar, "all interested matriculants who were interviewed for the Class of 1987 and subsequent classes were verbally informed that the information contained in [the 1983-1984 bulletin] . . . was in fact no longer true due to the recent DOPMA legislation." AR 58. While Mr. Stavish admits that it is possible that a "given segment" of the class of 1987 did receive incomplete or inaccurate information regarding DOPMA, id., there is no evidence that Dr. Boyer was a member of this "segment" of the class.

Even assuming that Dr. Boyer received incorrect information from USUHS regarding credit for pay purposes, "those who deal with the Government are expected to know the law." Heckler v. Community Health Serv. of Crawford County, Inc., 467 U.S. 51, 63 (1984); Montilla v. United States, 457 F.2d 978, 986 (1972). Therefore, Dr. Boyer is presumed to have been aware of DOPMA -- a statute that came into effect nearly two years prior to his matriculation at USUHS. Finally, there is no evidence, other than Dr. Boyer's own statement, AR 95, that had he known about DOPMA, he would not have attended USUHS. Accordingly, the BCNR's finding that alleged misinformation was not a significant factor in Dr. Boyer's decision to attend USUHS

is supported by substantial evidence.

The BCNR's finding that the fact that it granted relief to the class of 1986 was not an adequate basis for granting Dr. Boyer constructive credit is also supported by substantial evidence. The unique circumstances supporting the granting of relief to the class of 1986 were not present for the class of 1987. As the BCNR correctly noted, the class of 1986 was recruited during a different time frame. In contrast to the circumstances relating to the classes of 1987 and later, there is no evidence that the class of 1986 received any information regarding DOPMA. In addition, the Air Force and Army correction boards granted blanket relief to members of the class of 1986. AR 87. As a result, the BCNR, as an equitable measure, provided blanket relief to their personnel in the class of 1986. AR 21-22. As acknowledged by Dr. Boyer, the Air Force and Army correction boards have not provided blanket relief to personnel in the class of 1987, but rather have provided relief to a limited number of individuals. AR 18. That is, the Army and Air Force correction boards have provided relief to certain members of the class of 1987 based upon an evaluation of the students' individual and unique circumstances. The BCNR similarly evaluated Dr. Boyer's circumstances and correctly concluded that Dr. Boyer was not entitled to constructive service credit.

Finally, the BCNR correctly stated that "the law is clear that the actions taken by one service correction board need not be blindly replicated by the other boards." AR 2. Military departments are not required to follow the actions of another military department in the area of personnel management and are entitled to manage their own internal operations. See Vietnam Veterans v. Secretary of the Navy, 741 F. Supp. 1, 5 (D.D.C. 1990). Moreover, "Congress has expressly delegated authority to the Secretary of each military department to issue regulations on

the procedures to be employed in considering possible corrections under § 1552." Strickland v. United States, 423 F.3d 1335, 1340 (Fed. Cir. 2005). There is no requirement that the regulations be identical for each of the departments. Flute v. United States, 535 F.2d 624, 629 (Ct. Cl. 1976). Therefore, the BCNR properly evaluated Dr. Boyer's application pursuant to its own regulations, rather than simply replicating the actions of the Air Force and Army correction boards.

## III. The BCNR's Decision Does Not Violate The Due Process Clause

Dr. Boyer asserts that the BCNR violated his right to equal protection, pursuant to the Due Process Clause of the Fifth Amendment, when it failed to grant him constructive service credit. Compl. ¶¶ 50-54.

The Fifth Amendment states, in relevant part, that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. While the Fifth Amendment does not contain an equal protection clause, "it does forbid discrimination that is 'so unjustifiable as to be violative of due process.' " Schneider v. Rusk, 377 U.S. 163, 168 (1964) (quoting Bolling v. Sharpe, 347 U.S. 497, 499 (1954)). Under the equal protection component of the Fifth Amendment Due Process Clause, fundamental rights trigger a strict level of scrutiny, while rights that are not deemed fundamental are subject to rational basis review. See Loomis v. United States, 68 Fed. Cl. 503, 517 (2005). In order to survive rational basis review, there must be a rational relationship between the disparity of treatment and a legitimate Government purpose. Heller v. Doe, 509 U.S. 312, 320 (1993). The burden is on the party challenging the decision to "'negative every conceivable basis which might support it,' whether or not the basis has a foundation in the record." Id. at 320-21 (quoting Lehnhausen v. Lake Shore Auto Parts

Co., 410 U.S. 356, 364 (1973)). Dr. Boyer admits that the BCNR's decision is subject to rational basis review. See Compl. ¶ 54.

Rational basis review of military matters is especially deferential. See Loomis, 68 Fed. Cl. at 520. "The framers did not view the federal judiciary-appointed with life tenure-as the appropriate body to exercise military authority and therefore gave the judiciary 'no influence over either the sword or the purse.'" Able v. United States, 155 F.3d 628, 633 (2d Cir. 1998) (quoting The Federalist No. 78, at 520 (Alexander Hamilton) (Heritage Press ed., 1945)). Military departments are entitled to manage their own internal operations without subjecting themselves to an equal protection suit simply because another branch has adopted a different approach in the management or discipline of its personnel. Vietnam Veterans, 741 F. Supp. at 5.

As set forth above, the BCNR had a legitimate purpose for distinguishing between Dr. Boyer's application and the applications of the members of the class of 1986, because the members of the class of 1986 presented unique circumstances that were not presented in Dr. Boyer's case. The BCNR also had a legitimate purpose for distinguishing between Dr. Boyer's application and the applications of certain Air Force and Army members of the class of 1987 that were granted by their respective boards. As stated above, the BCNR properly considered Dr. Boyer's application upon an individual basis, and correctly determined that he was not entitled to constructive service credit.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant our motion for judgement upon the administrative record and dismiss Dr. Boyer's complaint with prejudice.

Respectfully Submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street NW
Attn: Classification Unit
8th Floor
Tel: (202) 353-7978
Fax: (202) 514-8624
Washington, DC 20530

Attorneys for Defendant

Of Counsel:
Lieutenant Brian Halliden
Department of the Navy
Office of the Judge Advocate General
General Litigation Division
1322 Patterson Ave. SE
Suite 3000
Washington Navy Yard, DC
Tel: (202) 685-5450
Fax: (202) 685-5472

August 15, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2007 a copy of the foregoing "DEFENDANT'S MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN