IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN D. BOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 06-685C |
| v. | ) | |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S STATEMENT OF FACTS

Pursuant to Rule 52.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits the following statement of facts in support of its motion for judgment upon the administrative record.

1. Plaintiff, Dr. John D. Boyer, was appointed as an Ensign in the Navy on April 5, 1983. AR 121.[1]

2. Dr. Boyer matriculated to the Uniformed Services University of the Health Sciences ("USUHS") in August 1983. AR 95.

3. Dr. Boyer graduated from USUHS in May 1987, as a member of the class of 1987. AR 95.

4. Dr. Boyer entered active duty in the Navy on June 15, 1987. Compl. ¶ 26.[2]

5. On July 2, 2001, Dr. Boyer completed his obligated service to the Navy, voluntarily resigned his commission, and was discharged from the military at the rank of Commander. Compl. ¶ 27, 28.

6. Prior to September 15, 1981, medical students who matriculated at USUHS and

---

[1] "AR __" refers to the administrative record, filed on August 15, 2007.

[2] "Compl. __" refers to the First Amended Complaint, filed on May 1, 2007.

became medical officers in the military were entitled to receive a constructive service credit of up to four years. 37 U.S.C. § 205(a).

7. Effective September 15, 1981, the constructive service credit was repealed by the Defense Officer Personnel Management Act of 1980, Pub. L. No. 96-513, § 402, 94 Stat. 2835 (1980) ("DOPMA").

8. DOPMA contained a saving provision stating that it had no effect upon the constructive service credit of any person who, upon the day before the effective date of DOPMA, had already been enrolled in USUHS. DOPMA § 625(b)(2). Thus, the saving provision permitted members of the classes of 1985 and earlier to receive the constructive service credit.

9. On October 2, 1989, Dr. Boyer, along with other navy personnel of the USUHS class of 1987, applied to the Board for Correction of Naval Records ("BCNR") to receive four years of constructive service credit. AR 122-157.

10. On July 10, 1990, the BCNR denied Dr. Boyer's application, finding that the evidence did not establish probable material error or injustice. AR 113. The BCNR determined that DOPMA was the controlling legislation, and that DOPMA precluded granting constructive service credit to members of the class of 1987. Id. The BCNR further determined that to grant Dr. Boyer's request for constructive service credit "would be contrary to both the spirit and clear intent of the law." Id. As to Dr. Boyer's claim that he was "misled by erroneous advice during recruitment as to constructive service credit," the BCNR "was not convinced that the miscounseling, if any, should not reasonably have been a principal motivating factor in [Dr. Boyer's] decision to pursue a medical education at USUHS." Id. The BCNR considered its previous grant of relief to members of the class of 1986 and concluded that "such action was

based on the unique circumstances surrounding those petitions, i.e., both the Air Force and Army Correction Boards had previously granted relief to Air Force and Army personnel in the Class of 1986, and not to do so for Navy personnel would result in an inequity." AR 113-14. However, the BCNR stated that "this reasoning does not apply to the Class of 1987 since the other correction boards have not acted favorably on similar petitions." AR 114.

11. On May 25, 1992, Dr. Boyer submitted a petition for reconsideration to the BCNR, again seeking four years of constructive service credit. AR 98-112. In his petition, Dr. Boyer asserted that "at no time from the initiation of [his] medical school applications until many months after matriculation was [he] correctly informed that the four years spent . . . at USUHS would not count for the purposes of pay and retirement." AR 99.

12. In a letter dated June 25, 1992, W. Dean Pfeiffer, the Executive Director of the BCNR, denied Dr. Boyer's request for reconsideration, concluding that although Dr. Boyer had submitted some new evidence, none of the new evidence was material, meaning that if it was presented to the BCNR, the decision would "inevitably be the same." AR 96-97.

13. On May 1, 2003, Dr. Boyer submitted another petition for reconsideration to the BCNR. AR 8-95. In this petition, Dr. Boyer asserted that new information had been obtained that showed that the BCNR's initial decision was erroneous and should be corrected. See AR 10-11. Specifically, Dr. Boyer alleged that some Army and Air Force members of the class of 1987 had been granted relief, that there was some new evidence that members of the class of 1987 had been misinformed about the constructive service credit, and that there had been concerns expressed by members of Congress over the need for consistency in pre-DOPMA service credit. See AR 10-18.

14. In a letter dated July 9, 2003, Mr. Pfeiffer denied Dr. Boyer's request for reconsideration, stating that although Dr. Boyer had submitted some new evidence, none of the new evidence was material, meaning that if it was presented to the BCNR, the decision would "inevitably be the same." AR 6-7.

15. On July 29, 2003, Dr. Boyer requested an explanation of the legal basis for the authority of the BCNR executive director to reject Dr. Boyer's petition without BCNR consideration. AR 5. Dr. Boyer also requested an explanation of which evidence was considered new, why it was not considered material, and which old evidence did not warrant reconsideration in light of the new evidence. Id.

16. In a February 12, 2004 letter, the BCNR informed Dr. Boyer that a three-member panel considered his application and denied it. AR 1-2. The BCNR determined that, after considering the entire record, the evidence submitted was "insufficient to establish the existence of probable material error or injustice." AR 1. The BCNR held that DOPMA "expressly precludes granting constructive service credit." Id. Thus, the BCNR stated, "absent special circumstances that give rise to a clear injustice it would be contrary to both the spirit and express letter of the law to grant requests for service credit." Id. The BCNR found that the circumstances of Dr. Boyer's case failed to show that he suffered such an injustice. Id. The BCNR was not persuaded that any alleged erroneous advice was a pivotal factor in Dr. Boyer's decision to attend USUHS. Id. The BCNR stated that the fact that relief was granted to the class of 1986 was not an adequate basis for granting Dr. Boyer relief. Id. It explained that relief was granted to the class of 1986 based upon unique circumstances, namely that they had been recruited in 1982, and that the Army and Air Force correction boards had granted relief to that

class "and not to do the same for the Navy personnel would have resulted in a clear inequity." AR 1-2. The BCNR noted that the Air Force Correction Board ("AFBCMR") granted relief to some members of the class of 1987, but that it had done so without coordination with the Army or Navy, as was encouraged by the Assistant Secretary of Defense. AR 2. The BCNR also noted that "the law is clear that actions taken by one service board need not be blindly replicated by other boards." Id. The BCNR stated that its position was that the AFBCMR was wrong in granting blanket relief to the class of 1986 and wrong in granting relief to members of the class of 1987, and that such action has created "serious inequities" within the class of 1987. Id.

Respectfully submitted,

PETER D. KEISLER.
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, NW
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

Attorneys for Defendant

Of Counsel:
Lieutenant Brian J. Halliden
General Litigation Division
Office of the Judge Advocate General
Department of the Navy
1322 Patterson Ave. SE
Suite 3000
Washington Navy Yard, DC 20374
Tel: (202) 685-5450
Fax: (202) 685-5472

August 15, 2007

CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2007 a copy of the foregoing "DEFENDANT'S STATEMENT OF FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN