# United States of America

## DEPARTMENT OF THE NAVY

*Washington, D.C.,* 20370-5100

**I hereby certify** *that the annexed* pages 1-157 constitutes a true and accurate copy of the administrative file of the Board for Correction of Naval Records in the case of former CDR John D. Boyer, USN, 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; such record being kept in the ordinary course of official supervision and custody

*on file in the* Board for Correction of Naval Records

W. DEAN PFEIFFER
Executive Director
(Official title)
Board for Correction of Naval Records
Washington, D. C. 20370

## OFFICE OF THE SECRETARY

**I hereby certify** *that* W. Dean Pfeiffer

*who signed the foregoing certificate, was at the time of signing* Executive Director, Board for Correction of Naval Records *and that full faith and credit should be given his certification as such.*

**In testimony whereof,** *I have hereunto set my hand and caused the Seal of the Navy Department to be affixed this* 19th *day of* JUNE,

*two thousand* 7 SEVEN

H. H. DRONBERGER
Captain, JAGC, U.S. Navy
(Civil Law)
For the Secretary of the Navy

NAVJAG 5[illegible] (REV. 1-00)

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

LCC:lc
Docket No: 8078-03
12 February 2004

JOHN D BOYER
C/O LOUISE BOUSCAREN MCKNEW
ATTORNEY AT LAW
100 WATKINS POND BOULEVARD SUITE 307
ROCKVILLE MD 20850

Dear MR BOYER:

This is in reference to your application for correction of your naval record pursuant to the provisions of title 10 of the United States Code, section 1552.

A three-member panel of the Board for Correction of Naval Records, sitting in executive session, considered your application on 13 January 2004. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record and applicable statutes, regulations and policies.

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish the existence of probable material error or injustice.

The Defense Officer Personnel Management Act which became effective on 15 September 1981, expressly precludes granting constructive service credit for pay purposes. Consequently, absent special circumstances that give rise to a clear injustice it would be contrary to both the spirit and express letter of the law to grant requests for constructive service credit for pay purposes. After carefully reviewing the facts of your case and the arguments offered by counsel the Board concluded that the circumstances of your case fail to show that you have suffered an injustice.

With regard to your assertion that you received erroneous advise as to constructive service credit, the Board is not persuaded that the alleged miscounseling was a pivotal factor in your decision to accept a scholarship. The fact that the Board granted relief to the Uniformed Services University of Health Sciences (USUHS) students in the Class of 1986 and those students accepting a scholarship in the Armed Forces Health Professions Scholarship Program who graduated from medical school in 1986 does not, in and of itself, provide the Board with an adequate basis for granting you constructive service credit. This is due to the unique circumstances of those petitions which shows that they were recruited during the early 1982 time frame and commenced school in 1982. You, on the other hand, did not start medical school until August 1983. The Air Force and Army correction boards had previously granted relief to Air Force and Army

personnel in the USUHS Class of 1986, and to not do the same for the Navy personnel would have resulted in a clear inequity. The Army board also granted relief to scholarship students who graduated in 1986.

Your most recent submission showed that the Air Force Correction Board (AFBCMR) has in fact granted relief to several Air Force members of the USUHS Class of 1987. The first AFBCMR action of this nature was apparently taken on 14 September 1990, without coordination with either this Board or the Army, as was encouraged by the Assistant Secretary of Defense (ASD) in his memo of June 28, 1990. In any event the law is clear that the actions taken by one service correction board need not be blindly replicated by the other boards. It is this Board's position that the AFBCMR was wrong in granting blanket relief to the Class of 1986, and that it was also wrong in granting relief to any members of the Class of 1987 regardless of recruiter misinformation. Such action has created serious inequities within the Air Force USUHS Class of 1987 graduates as well as the Army and Navy graduates of the USUHS Class of 1987.

Accordingly, your application has been denied. The names and votes of the members of the panel will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. You are entitled to have the Board reconsider its decision upon submission of new and material evidence or other matter not previously considered by the Board. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of probable material error or injustice.

Sincerely,

W. DEAN PFEIFFER
Executive Director

****** FOR OFFICIAL USE ONLY - PRIVACY ACT PROTECTED ******

MEMORANDUM TO FILE

Docket No. 08078-03

Examiner: LCC Branch/Status 1 -USN

Subj: Ex-CDR Boyer, John D., 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

Personal appearance requested: NO Reconsideration:

Action Requested: 10

In addition to Petitioner's application (DD-149) with any attachments and any related correspondence, the Board considered the following records:

☐ Enlisted/Officer Service Record

☐ Examiner's Case Summary

☐ NDRB File ☐ Record of Court-Martial

☐ Medical Record ☐ VA Records ☐ PEB Record

☐ Advisory Opinion

☐ Other: ____________________

Messrs. Harrison, Pauling, &

Ms. McCormick

voted on 13 Jan 04 to:

EXECUTIVE SESSION

☐ Grant relief

☐ Partial relief

☐ Grant personal appearance

☒ Deny JAN 13 2004

☐ Minority Vote: Mr/Ms ____________________ voted To ____________________

Comments: ____________________

☐ That Petitioner's naval record be corrected to show that on 1960/12/08 /or ____________________.

Petitioner was issued a honorable/general discharge by reason of misconduct/or ____________________, vice the discharge actually issued on that date.

P-Recon
CAT # ARY 10

LCC

REFERENDUM

Boyer, John D.

*08078-03*

Subject's Name:

Boyer | John | D |
Last | First | MI | Suffix

OCT 14 2003

~~9/29~~ [X] REQUEST FOR RECONSIDERATION

~~SEP 29 2003~~ ~~[ ] Approved:~~ R Crone 9-29-03
Signature Date

OCT 14 2003 [ ] Disapproved:
Signature Date

Signature Date

[ ] ADMINISTRATIVE RE-OPEN

Approved:
Signature Date

COMMENTS:

Note: Please deliver to
OIS Section with "closed"
BCNR file

New Docket No.

8078-03

OIS/11 (1Jul86)

Louise Bouscaren McKnew
Attorney At Law
100 Watkins Pond Boulevard, Suite 307
Rockville, Maryland 20850
Office: (301) 963-3699
Fax: (301) 963-7727

July 29, 2003

Dean Pfeiffer, Executive Director
Board for Correction of Naval Records
Department of the Navy
Washington, D.C. 20370

RE: Docket # 14695-89
John D. Boyer, M.D.

Dear Dean Pfeiffer,

Responding to your letter to Dr. Boyer dated July 9, 2003, please note the following:

1. It is my understanding that Dr. Boyer has a right to have his appeal presented to and considered by the Board. If you think my understanding is wrong, please provide me with documentation of or citation to the legal basis which you claim authorizes you, as the executive director for the Board, to reject Dr. Boyer's petition without Board consideration.

2. Please specify which of the evidence presented by Dr. Boyer that you consider to be new, and indicate the reason you have deemed each such evidence "not material." Please also indicate which of the old evidence does not warrant reexamination in the light of the new evidence.

3. If you still maintain that you have the authority to withhold Dr. Boyer's petition for reconsideration from the Board, please explicitly respond to me that Dr. Boyer has exhausted his administrative remedies. As you surely know, he must exhaust all such remedies before he can pursue any additional routes to justice.

Thank you in advance for your prompt attention to this matter.

Sincerely,

Louise Bouscaren McKnew

cc: Dr. Boyer



AUG 12 2003

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
2 NAVY ANNEX
WASHINGTON DC 20370-5100

WDP:lcc:wma
Docket No.14695-89
July 9, 2003

MR JOHN D BOYER
2514 OLOPUA STREET
HONOLULU HI 96822

Dear Mr. Boyer:

This is in reference to your application, DD Form 149, dated May 1, 2003. You previously petitioned the Board and were advised in our letter of July 10, 1990, that your application had been disapproved.

Your current application has been carefully examined. Although, at least some of the material you have submitted is new, it is not material. In other words, even if this material was presented to the Board, the decision would inevitably be the same. Accordingly, reconsideration is not appropriate at this time.

It is regretted that the facts and circumstances of your case are such that a more favorable reply cannot be made.

Sincerely,

W. DEAN PFEIFFER
Executive Director

lcc

**REFERENDUM**

JUL 16 2003

p-recon

Affix
Barcode
Label
Here

Subject's Name:

Boyer | John | D. |
Last | First | MI | Suffix

☐ REQUEST FOR RECONSIDERATION

☐ Approved: LC Crone 20 Jun 03

JUL 18 2003 ☑ Disapproved: [signature] 20 June 03

Signature Date

☐ ADMINISTRATIVE RE-OPEN

☐ Approved:

Signature Date

COMMENTS:

**NOTE**: Please deliver to OIS Section with "closed" BCNR file

NEW Docket No.

(OIS/11 1Jul86)

00007

RECON

APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552 (Please read instructions on reverse side BEFORE completing application.)

OMB No. 0704-0003
Expires Dec 31, 1988

14695-89

PRIVACY ACT STATEMENT

Boyer, John D.

*04080-03*

AUTHORITY: Title 10, U.S. Code 1552, Executive Order 9397, N...

PRINCIPAL PURPOSE: To apply for correction of a military record.

ROUTINE USES: To docket a case. Reviewed by board members to ... apply to board. To compare facts present with evidence in th...

DISCLOSURE: Voluntary. If information is not furnished, applica...

**1. APPLICANT DATA**

a. BRANCH OF SERVICE (X one)

☐ (1) ARMY ☒ (2) NAVY ☐ (3) AIR FORCE ☐ (4) MARINE CORPS ☐ (5) COAST GUARD

| b. NAME (Last, First, Middle Initial) (Please print) | c. PRESENT PAYGRADE | d. SERVICE NUMBER (If applicable) | e. SOCIAL SECURITY NUMBER |
|---|---|---|---|
| BOYER, JOHN D. | O5 | | 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 |

| 2. TYPE OF DISCHARGE (If by court-martial, state type of court) | 3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES (Active duty, Retired, Reserve, etc.) | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY |
|---|---|---|
| HONORABLE | | 01 JULY 2002 |

| 5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD | 6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government) (X one) |
|---|---|
| UNIFORMED SERVICES UNIVERSITY OF THE HEALTH SCIENCES | ☒ a. YES ☐ b. NO |

**7. COUNSEL (If any)**

| a. NAME (Last, First, Middle Initial) | b. ADDRESS (Street, City, State and Zip Code) |
|---|---|
| Louise B. McKnew | 100 Watkins Pond Blvd / Rockville MD 20850 301 963-3699 |

8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:

See attached letter

9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:

See attached letter

10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING: (If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)

See attached letter and exhibits

**11. ALLEGED ERROR OR INJUSTICE DATA**

a. DATE OF DISCOVERY

b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION

Appeal timely filed

12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.

☐ a. SPOUSE ☐ b. WIDOW ☐ c. WIDOWER ☐ d. NEXT OF KIN ☐ e. LEGAL REP ☑ f. OTHER (Specify): N/A

13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM. (U.S. Code, Title 18, Sec. 287, 1001, provides a penalty of not more than $10,000 fine or not more than 5 years imprisonment or both.)

| 14. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE (Applicant should forward notification of all changes of address.) | DOCUMENT NUMBER (Do not write in this space) |
|---|---|
| 2514 OLOPUA STREET HONOLULU HI 96822 | 3 |

| 15. DATE SIGNED | 16. SIGNATURE (Applicant must sign here.) |
|---|---|
| 01 MAY 2003 | JOHN D. BOYER, M.D. |

00008

## INSTRUCTIONS

*(All data should be typed or printed)*

1. For detailed information see:

   Air Force Regulation 31-3

   Army Regulation 15-185

   Coast Guard, Code of Federal Regulations Title 33, Part 52

   Navy, NAVEXOS P-473, as revised

2. Submit only original of this form.

3. Complete all items. If the question is not applicable, mark "None."

4. If space is insufficient, use "Remarks" or attach additional sheet.

5. Various veterans and service organizations furnish counsel without charge. These organizations prefer that arrangements for representation be made through local posts or chapters.

6. List all attachments and enclosures.

7. ITEMS 6 AND 7. Personal appearance of you and yo[ur] witnesses or representation by counsel is not required [to] insure full and impartial consideration of applicatio[n]. Appearances and representations are permitted, at [no] expense to the Government, when a hearing [is] authorized.

8. ITEM 8. State the specific correction of record desired.

9. ITEM 9. In order to justify correction of a military recor[d] it is necessary for you to show to the satisfaction of th[e] Board, or it must otherwise satisfactorily appear, that th[e] alleged entry or omission in the record was in error o[r] unjust. Evidence may include affidavits or signe[d] testimony of witnesses, executed under oath, and a brie[f] of arguments supporting application. All evidence no[t] already included in your record must be submitted b[y] you. The responsibility for securing new evidence rest[s] with you.

10. ITEM 11. 10 U.S.C. 1552b provides that no correction ma[y] be made unless request is made within three years afte[r] the discovery of the error or injustice, but that the Boar[d] may excuse failure to file within three years afte[r] discovery if it finds it to be in the interest of justice.

**MAIL COMPLETED APPLICATIONS TO APPROPRIATE ADDRESS BELOW**

| ARMY | NAVY AND MARINE CORPS | COAST GUARD | AIR FORCE |
|---|---|---|---|
| (For Active Duty Personnel)<br>Army Board for Correction of Military Records<br>Department of the Army<br>Washington, DC 20310-1803<br>(For Other than Active Duty Personnel)<br>CO, USARPERCEN<br>9700 Page Blvd.<br>St. Louis, MO 63132-5260 | Board for Correction of Naval Records<br>Department of the Navy<br>Washington, DC 20370-5100 | Chairman<br>Board for Correction of Military Records C-60)<br>Department of Transportation<br>400 7th St., SW<br>Washington, DC 20590 | Board for Correction of Air Force Records<br>AFMPC DPMDOA1<br>Randolph AFB, TX 78150-6001 |

17. REMARKS. *(Applicant has exhausted all administrative channels in seeking this correction and has been counseled by a representative of his/her servicing military personnel office. (Applicable only to active duty and reserve personnel.))*

00009

Louise Bouscaren McKnew
Attorney-At-Law
100 Watkins Pond Boulevard, Suite 307
Rockville, Maryland 20850
Office: (301) 963-3699
Fax: (301) 963-7727

May 7, 2003

Board for Correction of Naval Records
Department of the Navy
Washington, D.C. 20370

RE: Appeal of John D. Boyer, M.D., Member,
Uniformed Services University of the Health Sciences, Class of 1987
Prior Docket No: 14695-89
Subject: DOPMA

Dear People,

On behalf of John Boyer, M.D. formerly a medical officer in the United States Navy, and a 1987 graduate of the Uniformed Services University of the Health Sciences, I write to formally appeal the Board's decision of Dr. Boyer's initial Request for Correction of Military Record.

Enclosed is Dr. Boyer's DD Form 149.

SUMMARY

On October 6, 1989, Jeffrey M. Glosser, of the law firm of Whiteford, Taylor & Preston, submitted the Application for Correction of Naval Records of Certain Members of the Uniformed Services University of the Health Sciences, Class of 1987, along with a Brief in Support of the Application, and a collection of applicable documents. Among those represented by Mr. Glosser was Dr. Boyer.

The Board denied Dr. Boyer's application (Tab 1), along with the other applications filed by the law firm of Whiteford, Taylor & Preston.

Since the Board's denial, new information has been obtained, additional developments have occurred, and from both the new information and the intervening events, new and compelling arguments in favor of Dr. Boyer's application are now freshly appropriate, and presented as follows:

- some members of the Class of 1987, whose applications were denied along with that of Dr. Boyer, and who were similarly situated, appealed the initial decision and have since been granted the same relief sought by Dr. Boyer;

- an Army official responsible for briefing USMA students applying to USUHS has admitted mis-informing the USMA students;

- the reasons cited by the Army Board in granting relief on appeal to some members of the class of 1987 are identical to those presented by Dr. Boyer;

- Congressional intent to not foreclose the resolution of the DOPMA issue in favor of petitioners has been made clear;

- communication from a USUHS legal officer to the Office of the Secretary of Defense, dated September 29, 1998, specifically addressed the issues of equity and miscounselling of members of the Class of 1987, urging relief to members of the Class of 1987, including Dr. Boyer;

- the interests of justice compel a reversal of the Board's prior determination, given the overriding need, and official mandate, to ensure consistent, fair, equal and just treatment of the members of the Class of 1987, including Dr. Boyer.

Clearly, errors have been made, and injustice has resulted from the Board's initial denial of Dr. Boyer's request, and consistent with its mandate, the Board is respectfully petitioned to admit the errors and correct the injustice.

ARGUMENT

I. NEW INFORMATION

On July 10, 1990, W. Dean Pfeiffer informed Dr. Boyer that his application for correction of his naval record was denied. The Board's reasons for this denial are no longer valid. The Board explained that it had granted similar requests to members of the USUHS class of 1986, because the Army and Air Force Boards had done so, and for the Navy to not do so would result in an inequity. However, the Board explained that "this reasoning does not apply to the Class of 1987 since the other correction boards have not acted favorably on similar petitions" (Tab 1.5). This is not now true:

On April 20, 1990, John L. Fontana, an Army member of the USUHS Class of 1987, signed his DD Form 149, 1990 (Tab 2), and submitted his first Application for Correction of Military Records (Army) along with other members of his class, by and through the law firm of Whiteford, Taylor & Preston (Tab 2).

On February 6, 1991 (Tab 3), in a Memorandum of Consideration, the Army Board for Correction of Military Records concluded that Dr. Fontana had not supplied the requisite evidence to grant his request. Dr. Fontana's request was denied, as were all the requests submitted at that time by members of his class, including Dr. Boyer.

On August 25, 1998, armed with new information and documentation, Dr. Fontana

appealed the Army Board's decision (Tab 4), and based on the presentation of newly obtained evidence that he had been misinformed, the Board reversed its prior determination and granted Dr. Fontana the relief sought (Tab 5). Creating a "legal fiction," backdating Dr. Fontana's entrance into USUHS to before September 14, 1981, when the new DOPMA modifications became effective, the Board exercised legitimate Board authority (Tab 6) to correct the admitted error and remove the prior injustice. Exactly the same appeal was made by Dr. Kevin Murphy, of the same class, on the same grounds, at the same time, before the same Board. Dr. Murphy was also granted his request. In a separate action, the Board granted relief to Dr. James Ecklund, similarly situated (Tab 7). These physicians, among others, have since received the credits originally sought. These credits now having been given to some members of his class, since the Navy Board's denial, provides fresh evidence that the Navy Board must consider in its pursuit of identifying errors, correcting injustice, and fostering consistency, fairness, and equitable treatment. Dr. Boyer seeks nothing more than what he has earned, and what has been awarded to others who shared in and relied upon the distribution of misinformation.

In the Memorandum of Consideration, dated February 6, 1991, supporting the Army Board's decision to not grant the relief sought, the Board's counsel wrote that there was "...insufficient material evidence" to support the contention that the petitioners had been misled. The author adds, however, that even if they had been misled,

> "...the majority of the members of the class were properly informed of the change in the law and to correct his records on this basis and not correct the others would create an injustice to other members of the class" (Tab 3).

On appeal, the Army Board found that in fact Dr. Fontana and Dr. Murphy had not only not been properly informed: they had been misled by the advisor who "briefed" them prior to matriculation at USUHS. Documentation was provided by the person who briefed them regarding USUHS rules and regulations, directing

> "...that longevity credit for pay purposes would accrue for students during time spent in medical school. Cadets from the USMA Class of 1983 were so instructed by me and the other members of the advisory committee" (Tab 8, emphasis added).

On this basis, with recommendations from the USUHS general counsel Mannix, and urgings of then undersecretary DeLeon (see below), the Board reconsidered and reversed its prior decisions and granted the requests sought, admitting that Dr. Fontana and others had been erroneously informed (Tab 5).

In a September 29, 1998 letter, Charles Mannix, General Counsel for the USUHS, who was in a position, and profession, to know the facts and to adequately evaluate their collective import, specifically acknowledged the wide-spread if not universal miscounselling given to members of the Class of 1987 (Tab 15). Mr. Mannix noted actions taken by the Boards for Correction of Air Force and Army Records, and specified: "Our own interviewers used the information contained in the (1983-1984) bulletin as the basis for counseling applicants" (This Bulletin contained the wrong information - see Tab 13, paragraph #2). He concluded that in the

interests of equity, the Class of 1987 should be granted the same relief awarded to the Class of 1986. With a *mea culpa*, Mr. Mannix admitted the USUHS role in the unintentional miscounselling, but respectfully loaded responsibility upon the BCMRs for the creation of "the present inequity." What wrong the Board created falls to the Board to correct.

On April 13, 1999, Rudy de Leon, then Undersecretary of Defense, wrote to the Secretaries of the Army, Navy and Air Force, informing the Boards to act cooperatively and to assure that there was a consistent, uniform response to awarding constructive credit (Tab 18). It appears that the Army Board and the Air Force Board have heeded this directive, but the Navy Board has thus far not done so. This failure is error, and it is unjust.

Of critical note, in light of the Army's official advisor at USMA who admitted to the contents of the briefings he and his staff gave, as referenced above, the initial statements on this issue coming from Peter Stavish, USUHS Director of Admissions, become highly suspect. Stavish was the person responsible for seeing to it that all briefings took place, and were accurate. In the Brief submitted with Dr. Boyer's original Request for Correction of Military Records, written assurances were provided by Mr. Stavish regarding the briefings given to members of the class of 1987:

On March 3, 1983, Peter Stavish wrote to Dr. Boyer informing him of his acceptance into USUHS, and requiring Dr. Boyer to "take immediate action to withdraw from any other school" which was currently holding open a space for him to enter in the fall (Tab 9). This Dr. Boyer did. As of this date, the most recent USUHS Bulletin available, and the one upon which Dr. Boyer relied, in part, in making his decision to enter USUHS, stated clearly that the years at USUHS would count toward pay purposes, would count for longevity credit in computing years in service, and would count in computing retirement pay (See Tab 13, paragraph #2).

Had Dr. Boyer known at that time that the Navy would not permit these credits, he would not have attended USUHS (Affidavit of Dr. Boyer).

On February 12, 1985: Mr. Stavish wrote a MEMO stating that <u>all</u> matriculants who were interviewed for the class of 1987, implicitly including Dr. Boyer, were "verbally" informed that the information in the USUHS Bulletin, 1983-1984, upon which Dr. Boyer had relied, was "...no longer true due to the recent DOPMA legislation" (Tab 10).

On this same date, Mr. Stavish wrote another, apparently modifying memo, addressed to the Air Force Board. In this second missive Mr. Stavish added the admission that he was not the person giving the above referenced interviews, or briefings, to all matriculants. In fact, he was not even in attendance at three (3) of these briefings. Mr. Stavish added that "it is possible that a handful of applicants did not get the word about the new legislation." Dr. Boyer is a member of that "handful" of persons to whom Mr. Stavish refers (Tab 11; Affidavit of Dr. Boyer).

On April 18, 1985, Mr. Stavish writes again on this subject, asserting that "...all...who were interviewed for the Class of 1987...were verbally informed..." that the USUHS Bulletin, 1983-1984, contained wrong information. However, Mr. Stavish modifies his assertion by

adding in this same writing that "It cannot be said that every interviewer was told the exact information on each interview day....It is (now) very possible that a given segment of the Class of 1987...probably did, receive inaccurate ...information..." (emphasis added). Mr. Stavish confessed that this inaccurate information could and probably would have come from a number of official/semi-official sources. " Dr. Boyer was never "briefed" by Mr. Stavish prior to entering USUHS. In December, 1982, Mr. Stavish introduced himself to Dr. Boyer and a number of other members of his in-coming class, prior to entering USUHS, and then left it to a different person who "briefed" the prospective students: no person involved in the "briefing" ever said a word about DOPMA or its impact. In his April 18, 1985 writing, Mr. Stavish concluded: "All this obviously has resulted in a confused and misinformed population." (Tab 11, emphasis added)

Mr. Stavish's three writings on this subject gradually expanded the scope of the disinformation provided to Dr. Boyer and members of his Class of 1987, enlarging from "possible" to "very possible" to "probable" that misinformation had been provided. It is now apparent that Mr. Stavish himself was not accurate in his initial assessment of the situation, or had wrong information, or did in fact not remember what was said to whom, or when. On the other hand, members of the Class of 1987 uniformly state, under oath, that they were not told of the DOPMA changes, either verbally or in writing (Tab 12, note especially paragraph 10 of Dr. Cheeseman's Affidavit). The only information these incoming students received was that their years at USUHS would indeed count for pay, retirement and time in service computations, as detailed in the 1983-1984 USUHS Bulletin. No member of this class, including Dr. Boyer, had any way of discovering the errors made by the official briefers, until after they had matriculated. To their detriment, Dr. Boyer and his classmates trusted the military-supplied advisors.

Supporting Dr. Boyer's position, and those of his classmates, officials of the USUHS submitted communications in the original Requests for Correction of Military Records, made by Whiteford, Taylor & Preston. The endorsements of petitioners' requests made by officials who were in the best and most senior positions to know the facts bear even heavier weight now than they did before the admission made by USMA officers that they gave misinformation. Coupled with Mr. Stavish's confession that other students "probably" were misinformed lowers the credence of any assertion that the students were properly informed. These "old" informations now exert greater weight in favor of Dr. Boyer's appeal:

- On December 26, 1985, Jay Sanford, President/ Dean of the medical school at USUHS, outlined the error and injustice, admitted to the distribution of misinformation, and recommended to the Air Force Board, and implicitly to the Army and Navy Boards, that they "consider en bloc correction of this error as it did for the Class of 1986" (Tab 13);

On December 4, 1986, almost a year later, following consultations and additional investigations, by which time no Board action responsive to his recommendations had been taken, Dr. Sanford wrote the Board for Correction of Naval Records again recommending "...that the Board consider correction of this error as it did for the Class of 1986" (Tab 14, emphasis added).

Compelling is the fact that the USMA counsellor and his staff were themselves misinformed by those obligated to ensure that incoming students were properly briefed. If the USMA officers were misinformed, it is only logical that the person(s) briefing the USMA staff were misinformed, and that they also briefed all other officials assigned to brief incoming students, including Dr. Boyer. Like the childhood game of telephone, errors compound errors, and the last one at the end of the line, here the class of 1987, cannot know to correct what began in error. The Department of Defense must be assumed to have honored its obligation to uniformly advise the advisors of incoming students of the applicable rules and regulations. Because the USMA advisor and members of his committee, all gave the same misinformation, it must be assumed that those USUHS officials who mis-informed the USMA advisors also mis-advised other advisors.

Returning to the Army Board's Memorandum dated August 25, 1998 (Tab 3), the statement quoted on page two (2) of this letter becomes even more decisive. First. it cannot now be contended that Dr. Boyer was not misled - if all his Army and Air Force classmates were, so was he. The evidence regarding misinformation is conclusive. But second, perhaps more important, is the Board's statement that

> "...to correct his (Dr. Fontana) records on this basis and not correct the others would create an injustice to other members of the class" (Tab 3).

Dr. Boyer has and is now suffering just such an injustice, as are all the other members of his class who have not been granted the benefits promised to all, but given to only some.

II INTENT OF CONGRESS

In 1999, the Department of Defense attempted to convince Congress to preclude recovery by members of the Class of 1987 for the pre-1991 DOPMA promises. S.1059, the National Defense Authorization Act, for Fiscal Year 2000 contained a section 606, titled Equitable Treatment of Class of 1987 of the Uniformed Services University of the Health Sciences. Section 606, paragraph (a) provided that members of the Class of 1987 would be treated for pay purposes and years in service in the "...same manner as a student at the University who graduated in 1986..." However, at the urging of DoD officials, a second paragraph was proposed. This new paragraph (b) largely negated paragraph (a) by making the terms in (a) prospective only (Tab 16). Congress refused this effort, manifesting a clear intention to not concur with the Department's effort to prevent resolving the DOPMA issue in an equitable, fair and uniform manner for Dr. Boyer and his classmates.

While the intent of Congress in enacting DOPMA changes was that they timely take effect, members of Congress never intended for information and explanations about these changes to be withheld by USUHS officials from USUHS students until after the students had matriculated, and foregone other options. While members of Congress may have been reluctant to invade the territory previously given to the Boards - to correct errors, to avoid injustice - they were well aware that all the Boards had the authority to right this wrong by using the legal

fiction employed in prior relief actions (Tab 6 ).

Since the Board's rejection of Dr. Boyer's application, members of Congress have expressed concern over the issue. On October 16, 1998, Senator Hollings wrote to Undersecretary de Leon, stating his view that "...all members of the affected USUHS class be treated equally and awarded pre-DOPMA credits" (Tab 17). There are more, but Dr. Boyer does not now chose to enlist the powers of the legislature on his behalf, cognizant of the specific Congressionally-delegated responsibility for the resolution of this matter.

III NEED FOR CONSISTENCY

Since the Board denied Dr. Boyer's Application for Correction of Military Record, other applications have been submitted, as noted above, from members of the same Class of 1987, and those requests have been granted, appropriate pay has been received, and earned credits have been restored. The successful submissions all cite misinformation and inaccurate counselling as reasons for the need for correction of military records. Army and Air Force Boards have created legal fictions on behalf of these other petitioners, "correcting" the military records to indicate that the then-students entered USUHS prior to the effective date of the DOPMA changes (September 14, 1981), thus making it legally possible to correct the injustices wrought by the confirmed military errors.

The April 13, 1999, memorandum addressing this matter from Rudy de Leon, then Undersecretary of Defense, as noted above, urged the respective Boards to cooperatively assure uniformity and consistency in determining constructive credit (Tab 18). This urging has not been withdrawn, and is reiterated here.

In the Board's decision regarding Dr. Fontana and Dr. Murphy and Dr. Ecklund, and others, the determining factors that existed for them exist for Dr. Boyer as well. There are no material distinguishing facts:

- Congressional interest in this issue was noted in Dr. Fontana's decision; Dr. Boyer has evidenced Congressional concern and strong support for his being awarded pre-DOPMA credits;
- Dr. Fontana submitted new evidence: Dr. Boyer has submitted new evidence, including a Board decision rendered after Dr. Boyer's petition was denied granting relief to similarly situated class mates;
- Dr. Fontana made a detrimental career decision based on erroneous information: so too did Dr. Boyer;
- The Air Force Board's decisions to grant relief influenced those of the Army Board: the Navy Board's decisions regarding Dr. Boyer should follow suit, honoring the dictates to correct errors and injustice, and to render consistent, fair, equitable and just treatment.

IV LEGAL AUTHORITY

On August 5, 1985, the Office of the Judge Advocate General, Department of the Navy, responded to a request from the Navy Board. Referencing the actions taken by the Air Force Board, the Navy Board asked if it could act "...in a similar manner to the Air Force Correction Board..." which had back dated enrollments and entered USUHS students in the pre-DOPMA-change period, before the changes were made. The short answer was yes (Tab 6).

The longer answer, or discussion, centered on the Board's authority to correct an error or to remove an injustice. The error in the case of Dr. Boyer was not one of his making, and was not one of which he could or would have become aware with additional diligence. As Mr. Mannix, the USUHS legal officer, explained, the error was a USUHS creation (Tab 15).

As Mr. Mannix also explained, the injustice resulted when the Board refused to admit the error and grant the applications for corrections. The Board apparently accepted as fact Mr. Stavish's first explanation of the counselling/briefing process (Tab 10). Dr. Boyer and his classmates disagree with this initial explanation, as did the USMA advisor, the Dean of the medical school, the legal officer for the medical school, and members of Congress... Mr. Stavish's most recent, and corrected, recollection (Tab 11), more in keeping with those of all other witnesses, must now be reconsidered by the Board in light of the new information presented.

The Board sought and has been assured it has legitimate power to remove this injustice.

CONCLUSION

In light of the new evidence presented in this appeal, and the added weight the new evidence exerts on prior arguments, Dr. Boyer is entitled to the Board's reversal of its prior opinion. Absent compelling evidence from the Board that Dr. Boyer has misrepresented his case, the burden reasonably and logically must shift to the Board to disprove Dr. Boyer's factual presentations.

Given the new evidence provided by Dr. Boyer of similarly situated classmates who received the requested relief, the overwhelming convictions of USUHS officials, including Mr. Stavish in his last admissions (Tab 11), that members of the Class of 1987, which included Dr. Boyer, were misadvised, the intent of Congress as manifested in the refusal to exclude Dr. Boyer and other 1987 USUHS graduates from being awarded back DOPMA pay, and the DoD mandate that consistency and fair dealing must characterize the Boards' determination, the Board for Correction of Naval Records cannot but grant Dr. Boyer's appeal. He has presented a clear, concise and uncontroverted case for the Board to grant him the legal fiction referenced above, which has been used to find for similar petitioners, and to award him constructive credit for pay purposes for his years at USUHS, years in service credit while at USUHS for computing retirement eligibility, and years in service for computing retirement pay.

There is now no controversy over the issue of miscounselling, no assertions there was no error. There is also now no controversy over the existence of injustice: upon information and

belief, approximately one third (1/3) of the members of Dr. Boyer's class have received the credits requested, and some, including Dr. Boyer, have not. It remains patently unfair for this situation to continue. Dr. Boyer asks that you not condone the continuation of this inequity, and to grant his request for correction of his military record to reflect the same treatment rendered to other members of his class. Dr. Boyer's case warrants a reversal of the Board's prior decision.

Dr. Boyer appeals to the Board for permission to appear in person, with his attorney, to present his evidence regarding errors and injustice, to answer any questions the Board may have, and to clarify any uncertainty the Board and/or counsel may hold.

Respectfully submitted,

Louise Bouscaren McKnew

cc: John Boyer, M.D.

KNOWN RECIPIENTS OF LONGEVITY CREDIT FOR FOUR YEARS OF MEDICAL SCHOOL BY THE AIR FORCE BOARD FOR CORRECTIONS SINCE DENIAL OF THE USUHS CLASS OF 1987

| INFO SOURCE (See Below) | NAME | YR GRAD (MED SCH) | UNDERGRAD PROGRAM | MED SCHOOL PROGRAM | AFBCMR CASE # (If known) |
|---|---|---|---|---|---|
| *# | Loretta O'Brien | 1987 | USAFA | USUHS | |
| *# | August Pasquale | 1987 | USAFA | USUHS | 91-00982 |
| *# | Keith Bolyard | 1988 | USAFA | HPSP | 91-02160 |
| * | Stephan Moran | 1987 | ROTC | HPSP | 93-06317 |
| * | Martin Bomalawski | 1987 | USAFA | HPSP | 90-01747 |
| * | Dennis Weaver | 1987 | USAFA | HPSP | 91-00983 |
| * | David Jenkins | 1987 | USAFA | HPSP | |
| * | William Beninati | 1988 | USAFA | USUHS | 91-02159 |
| * | John Lancaster | 1988 | USAFA | USUHS | 94-04760 |
| @$ | Scott Wegner | 1988 | USAFA | HPSP | |
| @$ | Scott Russi | 1988 | USAFA | HPSP | |
| @$ | Kevin Lang | 1988 | USAFA | HPSP | |
| @$ | Brian Masterson | 1988 | USAFA | ? | |
| @$ | Anthony Jaslowski | 1987 | USAFA | HPSP | |
| @ | Lisa Somerson (now McCartney) | 1987 | USAFA | USUHS | |
| @ | Eli Powell | 1987 | USAFA | HPSP | |
| %$ | Mark Mavity | 1988 | USAFA | USUHS | |
| %$ | Elizabeth Vanderburgh | 1988 | USAFA | USUHS | |
| % | Chris Lisanti | 1987 | USAFA | USUHS | |
| % | Dave Vanderburgh | 1987 | USAFA | HPSP | |

OFFICER ALLOWED TO "BUY OUT" OF HIS SERVICE OBLIGATION BY AIR FORCE BOARD OF CORRECTION BECAUSE OF THE WRONGFUL DENIAL OF LONGEVITY CREDIT FOR MEDICAL SCHOOL

| | | | | |
|---|---|---|---|---|
| # | Joe Ritchie | 1988 | ROTC | HPSP |

NOTE: My medical school classmates from USUHS are underlined

ABOVE DATA VERIFIED AS FOLLOWS:
* Officers whom I have direct documentation of their credit in my possession
# Officers whom I've spoken to directly
@ Officers whom people in # have told me they are <u>sure</u> received credit
% Officers whom people in # have told me they <u>think</u> received credit
$ Officers whom I have indirect documentation of their credit or documentation of their application

<u>PLEASE SEE APPENDIX TO THIS ATTACHMENT FOR DOCUMENTATION FOR * AND $ ABOVE</u>

ATTACHMENT 1



See also appendix at the end of all attachments

2

CCDn - JAG

PETITION OF BOYER

BCNR

DEPARTMENT OF THE NAVY
BOARD FOR CORRECTION OF NAVAL RECORDS
WASHINGTON, D.C. 20370-5100

LCC:jlb
Docket No: 14695-89
10 July 1990

LT JOHN D. BOYER, USNR
c/o Jeffrey M. Glosser
Whiteford, Taylor & Preston
Suite 400, 888 17th St., N.W.
Washington, DC 20006-3939

Dear Lieutenant BOYER:

Reference is made to your application for correction of your naval record under the provisions of Title 10 U.S.C. 1552.

A panel of three members of the Board for Correction of Naval Records considered your application on 4 April 1990. Your allegations of error and injustice were reviewed in accordance with administrative regulations and procedures applicable to the proceedings of this Board. Documentary material considered by the Board consisted of your application, together with all material submitted in support thereof, your naval record, and applicable statutes, regulations and policies. In addition, the Board considered the memorandum from Assistant Secretary of Defense dated 2 April 1985 and Letter Judge Advocate General of the Navy 1070 Ser 131/11393/5 dated 5 August 1985, copies of which are attached.

After careful and conscientious consideration of the entire record, the Board found that the evidence submitted was insufficient to establish probable material error or injustice. The Board determined that the Defense Officer Personnel Management Act (DOPMA), effective 15 September 1981, is the controlling legislation and precludes granting constructive service credit for pay and retirement to the Uniformed Services University Health Sciences (USUHS) Class of 1987 which entered the University during 1983. The Board further concluded that to grant your request would be contrary to both the spirit and clear intent of the law.

As to the contention that you were misled by erroneous advice during recruitment as to constructive service credit, the Board was not convinced that the misconselling, if any, should not reasonably have been a principal motivating factor in your decision to pursue a medical education at USUHS.

The Board also considered its previous action of granting relief to the USUHS students in the Class of 1986 who entered the University in 1982 and concluded that, such action was based on

Docket No: 14695-89

the unique circumstances surrounding those petitions, i.e., both the Air Force and Army Correction Boards had previously granted relief to Air Force and Army personnel in the Class of 1986, and not to do so for Navy personnel would result in an inequity. However, this reasoning does not apply to the Class of 1987 since the other correction boards have not acted favorably on similar petitions. Accordingly, your application has been denied. The names and votes of the Board members will be furnished upon request.

It is regretted that the circumstances of your case are such that favorable action cannot be taken. However, you are entitled to have the Board reconsider its decision upon submission of new and material evidence. In this regard, it is important to keep in mind that a presumption of regularity attaches to all official records. Consequently, when applying for a correction of an official naval record, the burden is on the applicant to demonstrate the existence of an error or injustice.

Sincerely,

W. DEAN PFEIFFER
Executive Director

Enclosure

# APPLICATION FOR CORRECTION OF MILITARY RECORD UNDER THE PROVISIONS OF TITLE 10, U.S. CODE, SECTION 1552

*(Please read instructions on reverse side BEFORE completing application.)*

*Form Approved OMB No. 0704-0003 Expires Dec 31, 1988*

**PRIVACY ACT STATEMENT**

**AUTHORITY:** Title 10, U.S. Code 1552, Executive Order 9397, November 22, 1943.

**PRINCIPAL PURPOSE:** To apply for correction of a military record.

**ROUTINE USES:** To docket a case. Reviewed by board members to determine relief sought. To determine qualification to apply to board. To compare facts present with evidence in the record.

**DISCLOSURE:** Voluntary. If information is not furnished, applicant may not secure benefits from the Board.

1. APPLICANT DATA

a. BRANCH OF SERVICE (X one): [X] (1) ARMY [ ] (2) NAVY [ ] (3) AIR FORCE [ ] (4) MARINE CORPS [ ] (5) COAST GUARD

| b. NAME (Last, First, Middle Initial) (Please print) | c. PRESENT PAYGRADE | d. SERVICE NUMBER (If applicable) | e. SOCIAL SECURITY NUMBER |
|---|---|---|---|
| Fontana, John L. | | | 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 |

| 2. TYPE OF DISCHARGE (If by court-martial, state type of court.) | 3. PRESENT STATUS, IF ANY, WITH RESPECT TO THE ARMED SERVICES (Active duty, Retired, Reserve, etc.) | 4. DATE OF DISCHARGE OR RELEASE FROM ACTIVE DUTY |
|---|---|---|
| Not applicable | Active duty | Not applicable |

5. ORGANIZATION AT TIME OF ALLEGED ERROR IN RECORD: Uniformed Services University of the Health Sciences

6. I DESIRE TO APPEAR BEFORE THE BOARD IN WASHINGTON, D.C. (No expense to the Government) (X one): [ ] a. YES [X] b. NO

7. COUNSEL (If any)

a. NAME (Last, First, Middle Initial): Glosser, Jeffrey M.

b. ADDRESS (Street, City, State and Zip Code): Whiteford, Taylor & Preston, Suite 400, 888 17th Street, NW, Washington, DC 20006

8. I REQUEST THE FOLLOWING CORRECTION OF ERROR OR INJUSTICE:

See attached page

9. I BELIEVE THE RECORD TO BE IN ERROR OR UNJUST IN THE FOLLOWING PARTICULARS:

See brief in support of this application, which will be filed by applicant's counsel.

10. IN SUPPORT OF THIS APPLICATION I SUBMIT AS EVIDENCE THE FOLLOWING: (If Veterans Administration records are pertinent to your case, give Regional Office location and Claim Number.)

See brief in support of this application, which will be filed by applicant's counsel.

11. ALLEGED ERROR OR INJUSTICE DATA

a. DATE OF DISCOVERY: June 1987

b. IF MORE THAN THREE YEARS SINCE THE ALLEGED ERROR OR INJUSTICE WAS DISCOVERED, STATE WHY THE BOARD SHOULD FIND IT IN THE INTEREST OF JUSTICE TO CONSIDER THIS APPLICATION.

12. APPLICANT MUST SIGN IN ITEM 16. IF THE RECORD IN QUESTION IS THAT OF A DECEASED OR INCOMPETENT PERSON, LEGAL PROOF OF DEATH OR INCOMPETENCY MUST ACCOMPANY APPLICATION. IF APPLICATION IS SIGNED BY OTHER THAN APPLICANT, INDICATE RELATIONSHIP OR STATUS BY MARKING APPROPRIATE BOX.

[ ] a. SPOUSE [ ] b. WIDOW [ ] c. WIDOWER [ ] d. NEXT OF KIN [ ] e. LEGAL REP [ ] f. OTHER (Specify)

13. I MAKE THE FOREGOING STATEMENTS, AS PART OF MY CLAIM, WITH FULL KNOWLEDGE OF THE PENALTIES INVOLVED FOR WILLFULLY MAKING A FALSE STATEMENT OR CLAIM. (U.S. Code, Title 18, Sec 287, 1001, provides a penalty of not more than $10,000 fine or not more than 5 years imprisonment or both.)

14. COMPLETE CURRENT ADDRESS, INCLUDING ZIP CODE (Applicant should forward notification of all changes of address.) c/o Jeffrey M. Glosser, Whiteford, Taylor & Preston 888 17th Street, NW, Suite 400, Washington, D.C. 20006-3939

DOCUMENT NUMBER (Do not write in this space.) AC 90-10722A ~~[illegible]~~

15. DATE SIGNED: April 20, 1990

16. SIGNATURE (Applicant must sign here.) John L. Fontana

DD Form 149, FEB 86 Previous editions are obsolete. 00023

10 SEP 1990

ITEM 8

Correction of my Army record to reflect the following: (1) that I was awarded longevity and retired pay credit under the regulations and statutes in effect before the Defense Officer Personnel Management Act (DOPMA), Public Law 96-513, was enacted; (2) entitlement to all pay and allowances flowing from the foregoing; and (3) such other and further action as may be deemed necessary and appropriate in order to accord petitioner full and complete relief. (In response to an identical request for relief from members of the Class of 1986, the ABCMR corrected their Army records to reflect that they were "enrolled in . . . [USUHS] on 14 September 1981.")

3

ITEM 8

Correction of my Army record to reflect the following: (1) that I was awarded longevity and retired pay credit under the regulations and statutes in effect before the Defense Officer Personnel Management Act (DOPMA), Public Law 96-513, was enacted; (2) entitlement to all pay and allowances flowing from the foregoing; and (3) such other and further action as may be deemed necessary and appropriate in order to accord petitioner full and complete relief. (In response to an identical request for relief from members of the Class of 1986, the ABCMR corrected their Army records to reflect that they were "enrolled in . . . [USUHS] on 14 September 1981.")

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
WASHINGTON, D.C. 20310-1603

MEMORANDUM OF CONSIDERATION

IN THE CASE OF: FONTANA, JOHN L.
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

BOARD DATE: 6 February 1991
DOCKET NUMBER: AC90-10722A

I certify that hereinafter is recorded the record of consideration of the Army Board for Correction of Military Records in the case of the above-named individual. The following members, a quorum, were present:

| | |
|---|---|
| Ms. Erin J. Hausman | Chairperson |
| Mr. Franklin R. Taylor | Member |
| Mr. Fred K. McCoy | Member |
| Mr. David R. Kinneer | Executive Secretary |
| Mr. Harry E. Sykes | Examiner |

The Board, established pursuant to authority contained in 10 U.S.C. 1552, convened at the call of the Chairperson on the above date. In accordance with Army Regulation 15-185, the application and the available military records pertinent to the corrective action requested were reviewed to determine whether to authorize a formal hearing, recommend that the records be corrected without a formal hearing, or to deny the application without a formal hearing if it is determined that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice.

The applicant requests correction of military records as stated in the application to the Board and as restated herein.

The Board considered the following evidence:

Exhibit A - Application for correction of military records
Exhibit B - Military Personnel Records (including advisory opinion, if any)

ABCMR Memorandum of Consideration (cont) AC90-10722A

APPLICANT REQUESTS: In effect, correction of military records by showing that he was awarded 4 years constructive service credit (CSC) for longevity and retired pay purposes upon graduating from the Uniformed Services University of the Health Sciences (USUHS).

APPLICANT STATES: In effect, that he is entitled to the same relief granted to the USUHS class of 1986 since the conditions and circumstances which resulted in the class of 1986 being awarded 4 years CSC, are indistinguishable.

COUNSEL CONTENDS: Counsel provided an extensive brief in support of the applicant's request. Subject brief will be incorporated into the applicant's Official Military Personnel File.

EVIDENCE OF RECORD: Incorporated herein by reference are military records which show:

The applicant is a graduate of the USUHS class of 1987. He was appointed as a captain in the Medical Corps, Regular Army, on 16 May 1987. Upon graduation, he was not granted CSC for the time served as a student at the USUHS.

In 1986, this Board denied requests from numerous applicants of the USUHS class of 1987 in which the applicants voiced substantially similar contentions as are currently presented in this case. Counsel has included notarized affidavits from three members of the class of 1987 in which they state, in effect, that they were not advised nor were they aware that CSC would not be awarded for longevity and retired pay purposes for the 4 years at USUHS. In addition, he attaches a revised memorandum from the President/Dean of USUHS to the Board for Correction of Naval Records, who urged the Navy Correction Board to consider each petition submitted to that board as to whether the petitioner specifically states that he/she was informed or misinformed concerning CSC for the USUHS service. On 4 April 1990 the Board for Correction of Naval Records denied the petitioners' request for relief.

On 17 June 1985, the Office of The Judge Advocate General advised this Board that, in order to receive credit under Title 37, United States Code (U.S.C.), section 205(a)(6), which was repealed by the Defense Officer Personnel Management Act (DOPMA), a student had

to be enrolled in USUHS as of 14 September 1981, the day before the effective day of the DOPMA; that, accordingly, it was their opinion that the failure to credit periods of service while attending USUHS for individuals after 15 September 1981 did not constitute an error entitling the applicant to the relief sought as a matter of law.

On 10 July 1985, the Office of The Surgeon General advised this Board, as indicated by 18 April 1985 memorandum from the USUHS registrar, all (sic) interested matriculants were verbally informed of the change in law; that, additionally, inaccurate or incomplete information received from official/semi-official sources should not be relevant in determining appropriate relief.

THIS OUTLOOK HAS BEEN A KILLER FOR US.

On 6 November 1985, the Deputy Assistant Secretary (DA Review Boards, Personnel Security and Equal Employment Opportunity Compliance and Complaints Review) approved this Board's 23 October 1985 findings, conclusions and recommendation that the records of the members of the class entering the USUHS during July and August 1982 be corrected to show that, for the sole purpose of being credited for basic (longevity) pay, they enrolled in the USUHS on 14 September 1981. In approving this relief it was specifically pointed out that with respect to the Army students no error or injustice was established which would entitle them the specific relief afforded the other services' participants.

On 29 August 1979, the Comptroller General (B-195242), had ruled that payment could not be made to an Army member's claim for reimbursement of costs not authorized by law and regulation, even though he was erroneously advised by Army officials; and that, in the absence of specific statutory authority, the United States was not liable for the negligent or erroneous acts of its officers, agents or employees, and the member, therefore, gained no entitlement to the expenditures by reason of erroneous advice.

THIS IS CRAZY! BUT TYPICAL

DISCUSSION: Considering all the evidence, allegations, and information presented by the applicant, together with the evidence of record and applicable law and regulations, it is concluded:

IF THIS IS THE CASE, THEY SHOULD HAVE NEVER APPROVED THE CLASS OF 1986 – BUT THEY DID

AC90-10722A

ABCMR Memorandum of Consideration (cont)

1. Cognizance is taken of the corrections made by the Board to the records of the members of the class of 1986 to ensure uniformity with the other services so as not to leave the Army students in a disadvantaged position. The applicant has not shown that the facts and circumstances which led to the correction of the records of the 1986 class are present in the present case.

2. The facts clearly establish that the applicant became a USUHS student in August 1983, and as a matter of law, is not entitled to service credit under 37 U.S.C., 205(a)(6), which was repealed by the DOPMA, effective 14 September 1981.

3. Although the applicant and counsel contend that the applicant was misled regarding the service credit to be awarded upon completion of USUHS, insufficient material evidence has been provided to support this contention. However, even if the applicant had been misled, the majority of the members of the class were properly informed of the change in the law and to correct his records on this basis and not correct the others would create an injustice to other members of the class. Further, this would establish a significant windfall for the applicants who are not entitled to relief by law.

4. In this regard, the Comptroller General has ruled that an individual, in the absence of specific statutory authority, gains no entitlement by reason of receiving erroneous advice from a Departmental officer, agent or employee.

5. In view of the foregoing, there appears to be no error or injustice to the applicant, or to the other students in the class of 1987, who entered the USUHS in 1983 or later, based on the Department's failure to credit them with entitlement to longevity pay under 37 U.S.C., 205 (a)(6), which was repealed by the DOPMA, effective 14 September 1981.

DETERMINATION: The applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable material error or injustice.

2615/5/13 | FC

TAPC-MS Form 68, 27 Jun 89 Camera Card

CARD TO BE IN WINDOW EXCEPT WHEN ANNOTATING

ABCMR Memorandum of Consideration (cont) AC90-10722A

BOARD VOTE:

___ ___ ___ GRANT ______

___ ___ ___ GRANT FORMAL HEARING

KT JLT PLM DENY APPLICATION

for David R. Kinneer
Executive Secretary

2615/5-H- / JC

TAPC-MS Form 68, 27 Jun 89 Camera Card

CARD TO BE IN WINDOW EXCEPT WHEN ANNOTATED

12017-1

DEPARTMENT OF THE ARMY
U.S. TOTAL ARMY PERSONNEL COMMAND
ALEXANDRIA, VA
22332-0443

REPLY TO ATTENTION OF

TAPC-MSP-A (15-185a)

14 MAR 1991

MEMORANDUM FOR CPT John L. Fontana, c/o Jeffrey K. Glosser, Whiteford, Taylor & Preston, 888 17th Street, NW, Suite 400, Washington, DC. 20006-3939

SUBJECT: Notice of Denial of Application for Correction of Military Records

1. I have been requested by the Army Board for Correction of Military Records (ABCMR) to make further reply to your request for correction of your Army records.

2. Your application for correction has been denied pursuant to the administrative procedures established by the Secretary of the Army for guidance to the ABCMR. This guidance provides that the Board may deny an application without a hearing if it determines that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice. The enclosed copy of the Memorandum of Consideration of your application by the ABCMR set forth the Board's reason for denial of your case.

3. In the absence of newly discovered relevant evidence tending to show the existence of error or injustice in the military records, further consideration by the Board is not contemplated.

BY ORDER OF THE SECRETARY OF THE ARMY:

Enclosure

OMPF File Copy

JOHN D. MILLER
Chief, Management
Support Division

"Due to the voluminous nature of the correspondence supporting this ABCMR case, the complete case has not been filed in the OMPF. The ABCMR has retained a complete file copy."

00032