IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN D. BOYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-685C |
| | ) | (Judge Bush) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD**

Defendant, the United States, respectfully submits this reply to plaintiff John D. Boyer's October 24, 2007 opposition to its August 15, 2007 motion for judgment upon the administrative record. Furthermore, we respectfully request that the Court deny Dr. Boyer's cross-motion for judgment upon the administrative record. For the reasons addressed below, and for the reasons addressed in our opening brief, the Court should grant our motion for judgment upon the administrative record and dismiss the complaint with prejudice.

As we demonstrated in our opening brief, the decision of the Board for Correction of Naval Records ("BCNR"), finding that Dr. Boyer failed to demonstrate that he was entitled to the correction of his military records to add four years of constructive service credit, was not arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations. The BCNR's finding that the Defense Officer Personnel Management Act of 1980, Pub. L. No. 96-513 ("DOPMA") precludes granting Dr. Boyer service credit is in compliance with applicable statutes and supported by substantial evidence. Def. Br. at 6 (citing AR 1).[1] See

[1] "Def. Br." refers to Defendant's Motion for Judgment upon the Administrative Record.

also Compl. ¶¶ 15-17.[2] The BCNR properly determined that Dr. Boyer failed to establish that any alleged miscounseling was a "pivotal factor" in his decision to accept a scholarship and attend the Uniformed Services University of Health Sciences ("USUHS"). The BCNR correctly held that the blanket relief afforded to the class of 1986, and the case-by-case relief that other correction boards afforded to some Air Force and Army members of the class of 1987, did not require the BCNR to grant Dr. Boyer relief. The decisions of one service's corrections board need not be followed by other services' correction boards. Finally, as demonstrated in our opening brief, the decision of the BCNR denying Dr. Boyer's request for four years of constructive service credit did not violate the Due Process Clause of the Fifth Amendment because it was supported by legitimate government purposes.

## ARGUMENT

### I. Dr. Boyer Misstates The Standard Of Review

In Dr. Boyer's opposition and cross-motion, he asserts that the Administrative Procedure Act ("APA") authorizes this Court to review decisions of the BCNR. Pl. Opp. at 4.[3] Dr. Boyer's claim is a claim for money damages, and, contrary to Dr. Boyer's assertion, it is well-established that the APA does not establish jurisdiction in this Court over claims for money.[4] Union Bank and Trust Co. v. United States, 27 Fed. Cl. 403, 404 (1992); Berry v. United States, 27 Fed. Cl. 96, 102-03 (1992). Nonetheless, it is true that the general standard of review of military correction board decisions mirrors the standard of review set forth in the APA. That is, both the

---

[2] "Compl." refers to the First Amended Complaint, filed on May 1, 2007.

[3] "Pl. Opp." refers to Plaintiff's Cross-Motion for Judgment on the Administrative Record, filed on October 24, 2007.

[4] Jurisdiction is established by the Military Pay Act, 37 U.S.C. § 204.

APA standard and the military correction board review standard require the plaintiff to demonstrate that the Government's decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to law.[5] See 5 U.S.C. § 706; Porter v. United States, 163 F.3d 1304, 1312 (Fed. Cir. 1998). However, this similarity does not mean, as Dr. Boyer asserts, that this Court, in reviewing the decision of a military corrections board, must apply the APA's standard regarding the amount of information that an agency must provide in its decision. See Pl. Opp. at 4-5. Rather, as Dr. Boyer correctly states later in his opposition, a military corrections board need only "articulate a satisfactory explanation for [its] decisions." Pl. Opp. at 5 (citing Rominger v. United States, 72 Fed. Cl. 268, 273 (2006)). All that is required of military corrections board decisions is sufficient notification to permit the applicant to rebut the board's actions. Dzialo v. United States, 5 Cl. Ct. 554, 563 (1984)(citing Craft v. United States, 210 Ct. Cl. 170, 181 (1976)).

## II. The BCNR's Decision Is Not Arbitrary, Capricious, Unsupported By Substantial Evidence, Or Contrary To Law

### A. The BCNR's Decision Is Not Arbitrary And Capricious Because It Did Not Specifically Refer To Dr. Boyer's Argument Regarding The Actions Of The ABCMR

In Dr. Boyer's opposition and cross-motion, he first asserts that the BCNR's decision is arbitrary and capricious because it fails to address his evidence and argument that the Army Board for Correction of Military Records ("ABCMR"), as well as the Air Force Board for Correction of Military Records ("AFBCMR"), granted relief to certain members of his class. Pl. Opp. at 5-6.

---

[5] Though the basic standard is similar, as set forth in our opening brief, review of military corrections board decisions is particularly deferential. See Def. Br. at 5-6.

Dr. Boyer incorrectly argues that the failure of the BCNR to address a non-frivolous argument is necessarily arbitrary. See Pl. Opp. at 5. In support of this assertion, Dr. Boyer relies upon several cases from the United States Court of Appeals for the District of Columbia circuit, none of which are binding precedent upon this Court. As Dr. Boyer correctly states, this Court simply requires the BCNR to "examine relevant data and articulate a satisfactory explanation for [its] decisions." Pl. Opp. at 5 (citing Rominger , 72 Fed. Cl. at 273).

In this case, the BCNR clearly fulfilled that requirement by expressly considering "all material submitted" in support of Dr. Boyer's application. AR 1. Though the BCNR did not specifically refer to the evidence that the ABCMR granted relief to several members of the class of 1987, its decision specifically states that "the law is clear that actions taken by one service correction board need not be blindly replicated by the other boards." AR 2. This statement provides a satisfactory explanation for the BCNR's decision that the actions taken by other military corrections boards with respect to certain members of the class of 1987 did not require the BCNR to grant Dr. Boyer relief.

B. The BCNR Did Not Fail To Correct A Clear Injustice

Dr. Boyer next asserts that the BCNR's decision was arbitrary and capricious because it failed to correct an injustice clearly presented in the record. Pl. Opp. at 6-7. Dr. Boyer's argument rests upon the reasoning that the BCNR granted relief to all Navy personnel in the class of 1986 because the ABCMR and the AFBCMR had provided relief and not to do so would have resulted in a clear inequity. Dr. Boyer contends that because the BCNR also recognized a clear inequity in the AFBCMR and ABCMR granting of relief to some members of the class of

1987, the BCNR's "refusal to grant relief to any Navy personnel in the class of 1987" is arbitrary and capricious. Pl. Opp. at 6.

Contrary to Dr. Boyer's assertion, the BCNR has not refused to grant relief to all members of the class of 1987. As demonstrated in our opening brief, just as the AFBCMR and ABCMR provided relief to certain members of the class of 1987 based upon an evaluation of the students' individual and unique circumstances, the BCNR similarly evaluated Dr. Boyer's circumstances and found that those circumstances did not warrant relief. Def. Br. at 7-8.

Furthermore, even assuming that the BCNR decided not to grant relief to any members of the class of 1987, its decision is not arbitrary or capricious. While it is true that the BCNR acknowledges inequities in both the class of 1986 and the class of 1987, the inequities are of a different nature. For the class of 1986, the ABCMR and the AFBCMR granted blanket relief to all class members, thereby creating an inequity among the different military branches. For the class of 1987, the ABCMR and the AFBCMR granted relief to certain class members, thereby creating an inequity among individual members of the class. It was not arbitrary or capricious for the BCNR to decide that the first type of inequity required it to grant blanket relief to the class of 1986, while the second type of inequity did not require it to grant relief to Dr. Boyer. As set forth in our opening brief, the BCNR considered Dr. Boyer's individual circumstances, Def. Br. at 7-8, and its decision not to grant him four years of constructive service credit was not arbitrary, capricious, unsupported by substantial evidence, or contrary to applicable statutes and regulations.

C. The BCNR's Decision Was Based Upon
An Evaluation Of Dr. Boyer's Individual Circumstances

Dr. Boyer asserts that the BCNR failed to base its decision upon his individual circumstances, but rather that it rejected Dr. Boyer's application "soley [based] on the fact that he was in the Navy." Pl. Opp. at 7. On the contrary, the BCNR specifically stated that "[a]fter carefully reviewing the facts of your case . . . the Board concluded that the circumstances of your case fail to show that you have suffered an injustice." AR 1 (emphasis added). The BCNR also stated that it was "not persuaded that the alleged miscounseling was a pivotal factor" in Dr. Boyer's decision to accept a scholarship. AR 1. This indicates that the BCNR considered the circumstances surrounding Dr. Boyer's individual decision to attend USUHS. Finally, the BCNR stated that it reviewed Dr. Boyer's application, "all material submitted in support thereof," and his naval record. AR 1. This material contained information pertaining to Dr. Boyer's individual circumstances, such as the correspondence he received from USUHS prior to his matriculation and his affidavit. See AR 95, 102-05. The BCNR weighed this and all of the other evidence submitted in support of Dr. Boyer's application, and concluded that "the circumstances of your [Dr. Boyer's] case" fail to show that he suffered an injustice. AR 1 (emphasis added). As set forth in our opening brief, this decision was not arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Def. Br. at 6-9.

D. The BCNR Did Not Disregard Dr. Boyer's Affidavit

Dr. Boyer asserts that the BCNR improperly disregarded his affidavit. Pl. Opp. at 7-8. As set forth above, the BCNR clearly stated that it considered all material submitted in support of Dr. Boyer's application, material which included Dr. Boyer's affidavit. See AR 95. The BCNR analyzed his affidavit in light of the other evidence and determined that it was not

persuasive. See AR 1. None of the correspondence received by Dr. Boyer from USUHS prior to his matriculation said that he would receive credit for pay purposes. See AR 102-05. "[A]ll interested matriculants who were interviewed for the Class of 1987 and subsequent classes were verbally informed that the information contained in [the 1983-1984 bulletin] . . . was in fact no longer true due to recent DOPMA legislation." AR 58. As set forth in our opening brief, even assuming, as stated in his affidavit, that Dr. Boyer was part of the "segment" of his class which may have received inaccurate information regarding DOPMA, Dr. Boyer is presumed to have been aware of DOPMA. See Def. Br. at 7. Finally, it is not unreasonable for the BCNR to question Dr. Boyer's affidavit when it is self-serving in its assertion that the pivotal factor in his decision to attend USUHS rested solely upon alleged miscounseling contributing to his lack of knowledge of DOPMA changes, and not any other factor, such as accepting a scholarship. In light of these factors, the BCNR's decision that Dr. Boyer's affidavit was not persuasive is supported by substantial evidence.

## III. The BCNR's Decision Does Not Violate The Due Process Clause

Finally, Dr. Boyer alleges that the BCNR treated him differently than similarly situated individuals in the Class of 1986 and Class of 1987 for no rational basis. Pl. Opp. at 8-9. As set forth in our opening brief, rational basis review of military matters is especially deferential. Def. Br. at 10. Contrary to Dr. Boyer's assertion, this deference is applicable not only to matters bearing upon military capability and readiness, but also to military personnel decisions. See, e.g., Burns v. United States, 9 Cl. Ct. 273, 277 (1985) (applying a "healthy deference" to the Army's decision to apply different standards for release from active duty for reserve officers on active duty and regular army officers on active duty). As set forth above and in our opening

brief, the BCNR had a rational basis for distinguishing between Dr. Boyer's application and the applications of the members of the class of 1986. The BCNR also had a rational basis for distinguishing between Dr. Boyer and the Air Force and Army members of the class of 1987 whose claims had been granted by their respective boards. Def. Br. at 10. Thus, the BCNR's decision did not violate the Due Process Clause.

## CONCLUSION

For the foregoing reasons, and the reasons stated in our opening brief, defendant's motion for judgment upon the administrative record should be granted and plaintiff's cross-motion denied.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ FRANKLIN E. WHITE, JR.
FRANKLIN E. WHITE, JR.
Assistant Director

/s/ MEREDYTH D. COHEN
MEREDYTH D. COHEN
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street, NW
Attn: Classification Unit, 8th Floor
Washington, DC 20530
Tel: (202) 353-7978
Fax: (202) 514-8624

OF COUNSEL:
JOHN CLADY
Lieutenant
Judge Advocate General's Corps
United States Navy
Office of the Judge Advocate General
General Litigation (Code 14)
Washington, DC 20374

November 19, 2007

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of November, 2007 a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD AND RESPONSE IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR JUDGMENT UPON THE ADMINISTRATIVE RECORD" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/MEREDYTH D. COHEN