**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| JOHN D. BOYER, *Plaintiff*, | ) | |
| v. | ) | No. 06-685C |
| THE UNITED STATES, *Defendant*. | ) | (Judge Bush) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS CROSS-MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

Plaintiff respectfully submits this reply in support of his cross-motion. As set forth below and in Plaintiff's opening brief, the administrative record clearly demonstrates that no genuine dispute exists as to any material fact and Plaintiff is entitled to judgment as a matter of law. The decision by the Board for Correction of Naval Records (BCNR) denying Plaintiff's request to correct his records to reflect constructive service credit (CSC) for four years of funded medical education at the Uniformed Services University of the Health Sciences (USUHS) was arbitrary, capricious, unsupported by substantial evidence, and contrary to law. Therefore, the Court should grant Plaintiff's cross-motion for judgment on the administrative record.

## ARGUMENT

### I. Standard of Review.

Defendant is correct in pointing out Plaintiff's inadvertent misstatement that the Court's review of the BCNR's decision in this case is governed by the Administrative Procedure Act (APA). Defendant's Reply filed November 19, 2007 (Def. Reply) at 2. However, Defendant is also correct

in stating that the applicable standard of review in this case "mirrors the standard of review set forth in the APA." *Id.* (emphasis added).

Corrections to naval records shall be made by the Secretary of the Navy acting through a board of civilians, i.e., the BCNR. 10 U.S.C. § 1552(a)(1); 32 C.F.R. § 723.2. That board of civilians having made its decision in this case, it is now the duty of this Court to review such decision. Whether a military correction board decision is reviewed by this Court or reviewed by a federal district court under the APA, that decision should be set aside if it is arbitrary, capricious, unsupported by substantial evidence, or contrary to law. *Porter v. United States*, 163 F.3d 1304, 1312 (Fed. Cir. 1998); 5 U.S.C. § 706. Yet, as with military correction board cases under the APA, such judicial review is impossible unless the BCNR has discussed its reasoning sufficiently to allow the Court to evaluate the board's rationale at the time of its decision. *Dickson v. Secretary of Defense*, 68 F.33d 1396, 1406 (D.C. Cir. 1995); *Pension Ben. Guar. Corp. v. LTV Corp.*, 496 U.S. 633, 654 (1990). As this Court has stated:

> [C]orrection boards must examine relevant data and articulate satisfactory explanations for their decisions. This includes making rational connections between the facts found and the choices made. We may find a correction board's decision arbitrary and capricious if the board fails to consider an important aspect of a problem, offers an explanation for its decision that runs counter to the evidence before the board, or "is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."

*Van Cleave v. United States*, 70 Fed. Cl. 674, 679 (2006) (citations omitted) (relying upon *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Because the BCNR's decision in the case at bar fails to satisfy this standard of review, that decision should be set aside by this Court.

## II. The BCNR's Decision Is Arbitrary, Capricious, Unsupported by Substantial Evidence, and Contrary to Law.

### A. The BCNR failed to address Plaintiff's non-frivolous argument that the ABCMR granted relief to members of Plaintiff's class.

The BCNR failed to address Plaintiff's evidence and argument that the Army Board for Correction of Military Records (ABCMR), as well as the Air Force Board for Correction of Military Records (AFBCMR), granted relief to members of his USUHS Class of 1987. AR 1-2, 11-15. In its argument, Defendant summarily dismisses cases cited by Plaintiff as being from District of Columbia Circuit and thus not binding precedent. Def. Reply at 4. Plaintiff never claimed that such cases were binding; however, that does not mean that they are not persuasive. As admitted by Defendant, the standard of review in this case "mirrors" the APA standard. Def. Reply at 2. Because of the vast number of military correction board cases decided by the D.C. Circuit, that Circuit has extensive experience with such cases and its reasoning should thus be given due consideration. *See, e.g., Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (Board's failure to respond to two of plaintiff's arguments which do not appear frivolous on their face and could affect Board's ultimate decision was arbitrary because it did not give a reason that a court can measure). This is especially true given that the D.C. Circuit's analytical approach to such cases is consistent with the approach of this Court. *Six v. United States*, 71 Fed. Cl. 671, 685-86 (2006) (because BCNR did not address particular allegation by plaintiff, "the BCNR cannot be said on this record to have considered all the evidence" and thus BCNR decision set aside). Under the substantial evidence rule,"*all* of the competent evidence must be considered, whether original or supplemental, and whether or not it supports the challenged conclusion." *Heisig v. United States,* 719 F.2d 1153, 1157 (Fed.Cir.1983) (emphasis in original).

Defendant asserts that the BCNR met its burden to consider all of the evidence here, first because the BCNR stated that it had considered all material submitted, and second because the BCNR stated that "actions taken by one service correction board need not be blindly replicated by other boards." Def. Reply at 4. However, the first blanket statement is boilerplate contained in virtually every correction board decision, and thus is manifestly insufficient to establish that the BCNR considered Plaintiff's evidence in the case at bar. Furthermore, the second statement gives no indication whatsoever that the BCNR actually considered the ABCMR evidence, but rather merely reflects the BCNR's analysis of the relief granted by the AFBCMR. A cursory reading of the BCNR's final decision shows that the BCNR's failure to even acknowledge that the ABCMR had granted relief to members of the Class of 1987, while simultaneously analyzing in detail the AFBCMR's grant of relief to members of the Class of 1987, is a glaring omission and is clear evidence that the BCNR failed to consider Plaintiff's ABCMR argument. AR 1-2, ¶¶ 5-6.

Because the BCNR failed to consider or address evidence before it that may have had the effect of changing the result, this Court should set aside that decision. *Istivan v. United States,* 231 Ct. Cl. 671, 689 F.2d 1034, 1038-39 (1982) (remanding military disability retirement pay claim to Board where Board failed to provide explanation for its actions); *Santiago v. United States,* 71 Fed. Cl. 220, 230 (2006) (remanding to Board where Board did not consider or address the plaintiff's "end-organ damage" in rating the plaintiff's disabilities); *Williams v. United States,* 127 F. Supp. 617, 619 (Ct. Cl. 1955) ("that there is evidence, considered of and by itself, to support the administrative decision is not sufficient where there is opposing evidence so substantial in character as to detract from its weight and render it less than substantial on the record as a whole"). The BCNR's decision is arbitrary and capricious and unsupported by substantial evidence because it fails

to consider Plaintiff's critical evidence that the ABCMR had granted relief to members of his Class of 1987, and thus it should be set aside. *Six*, 71 Fed. Cl. 685-86.

**B. The BCNR failed to correct an injustice clearly presented in the record.**

The BCNR granted relief to Navy personnel in the Class of 1986 because the AFBCMR and ABCMR had previously granted relief to their personnel in that class "and to not do the same for the Navy personnel would have resulted in a clear inequity." AR 1-2 (emphasis added). This same "clear inequity" also exists in the Class of 1987, because the AFBCMR and ABCMR have granted relief to members of that class. Thus, the BCNR's refusal to grant relief to any Navy personnel in the Class of 1987, including Plaintiff, is arbitrary and capricious. *Roth v. United States*, 378 F.3d 1371, 1381 (Fed. Cir. 2004); *Yee v. United States*, 512 F.2d 1383, 1387 (Ct. Cl. 1975). *See also Skaradowski v. United States*, 471 F.2d 627, 628 (Ct. Cl. 1973).

Defendant asserts that "the BCNR has not refused to grant relief to all members of the class of 1987" but rather that its decision was instead based on the BCNR's consideration of Plaintiff's "individual circumstances." Def. Reply at 5 (citing Def. Br. at 7-8). Yet Defendant fails to cite to a single reference in the record to support its assertion regarding the BCNR's treatment of members of the Class of 1987. *Id.* Moreover, Defendant's assertion is flatly contradicted by the explicit language of the BCNR's final decision:

> It is this Board's position that **the AFBCMR was wrong** in granting blanket relief to the Class of 1986, and that it was also wrong **in granting relief to any members of the Class of 1987 regardless of recruiter misinformation** . . . . Accordingly, your application has been denied.

AR 2 (emphasis added).

It is clear from the face of the BCNR's decision that it granted relief to Navy personnel in the Class of 1986 due to the inequity caused by the AFBCMR and ABCMR having previously

granted relief to their personnel in that class. AR 1-2. Yet the BCNR refused to grant relief to Plaintiff and other Navy personnel in the Class of 1987, despite the similar inequity created by the AFBCMR and ABCMR having granted relief to their personnel in that class. AR 2. The BCNR's decision is thus arbitrary and capricious and should be set aside. *Roth*, 378 F.3d at 1381; *Yee*, 512 F.2d at 1387; *Skaradowski*, 471 F.2d at 628.

**C. The BCNR's decision was not based on an evaluation of Plaintiff's individual circumstances.**

In arguing that the BCNR's decision was based on an evaluation of Plaintiff's individual circumstances, Defendant relies first on boilerplate language by the BCNR advising Plaintiff that the BCNR had reviewed "all material submitted" and "concluded that the circumstances of your case fail to show that you have suffered an injustice." Def. Reply at 6 (emphasis in original). Second, Defendant relies on a comment by the BCNR that it was "not persuaded that miscounseling was a pivotal factor" in Plaintiff's case. Def. Reply at 6 (quoting AR 1).

First, boilerplate language common to any correction board denial is hardly sufficient to prove Defendant's point. Moreover, using the BCNR's comment–that the BCNR was not persuaded that miscounseling was a pivotal factor in Plaintiff's case–to prove that the BCNR's decision was based on an evaluation of Plaintiff's individual circumstances is utterly inconsistent with the rest of the BCNR's decision. The BCNR makes clear that no matter what evidence of recruiter miscounseling or misinformation Plaintiff might have presented, such evidence would have had no impact on the BCNR's final decision: the BCNR decided that it would be "wrong" to grant relief "to any members of the Class of 1987 regardless of recruiter misinformation." AR 2 (emphasis added). Because the BCNR determined that relief should be denied to any member of the Class of 1987, regardless of any evidence of recruiter miscounseling or misinformation presented in an

individual case such as Plaintiff's, this Court should set aside the BCNR's decision as arbitrary, capricious, and unsupported by substantial evidence.

**D. The BCNR improperly disregarded the sworn statements of Plaintiff, a respected physician and former Navy Commander.**

Plaintiff's sworn affidavit states: "Had I known of the DOPMA changes in time to accept entrance into another medical school, I would not have attended USUHS." AR 95. In arguing that the BCNR properly found that Plaintiff's sworn affidavit was outweighed by other evidence, Defendant quotes a memorandum from LTC Peter J. Stavish, the Director of Admissions/Registrar of USUHS, to support its position that Plaintiff was not miscounseled or misinformed regarding DOPMA. Def. Reply at 7. Yet LTC Stavish later states in that same memorandum:

> It is very possible that **a given segment of the Class of 1987** could have, and **probably did, receive inaccurate information** from any number of official/semi-official sources concerning he effects upon entitlements (pay purposes at the time of graduation and retirement) due to the DOPMA legislation. All this obviously has resulted in a confused and misinformed population.

AR 58 (emphasis added). Defendant argues further that even if Plaintiff was in the class segment that received inaccurate information, it was "not unreasonable" for the BCNR to find Plaintiff's "self-serving" affidavit to be unpersuasive. Def. Reply at 7.

By dismissing Plaintiff's affidavit as self-serving, the BCNR concluded that Plaintiff "could not be believed." *Van Cleave v. United States*, 70 Fed. Cl. 674, 679 (2006). Yet the record contains no evidence for such a negative conclusion regarding Plaintiff's credibility, and thus such a conclusion constitutes an unsupported attack on Plaintiff's character and credibility that is improper, inappropriate, and "*per se* arbitrary and capricious." *Id.* at 684. Furthermore, because the record contains no evidence other than Plaintiff's affidavit as to why he decided to attend USUHS, the BCNR's decision is not supported by substantial evidence. *See Williams,* 127 F. Supp. at 619.

Therefore, this Court should set aside the BCNR's decision on grounds that it is arbitrary, capricious, and unsupported by substantial evidence.

**III. The BCNR's Decision Violates the Equal Protection Component of the Due Process Clause of the Fifth Amendment.**

This Court is undoubtedly well aware of and sensitive to the admonition that judges are not given the task of running the military. *Fisher v. United States*, 402 F.3d 1167, 1182 (Fed. Cir. 2005). However, in determining the proper deference due in the case at bar, it is important to recall that the issue here "is not the composition of the military but the society's legal obligation to those who are no longer within the military forces." *Id.* Thus this case is clearly distinguishable from the case relied upon by Defendant, in which the Court was called upon to judge whether the military had properly applied different standards in determining which regular or reserve officers should be retained on active duty. *Burns v. United States*, 9 Cl. Ct. 273 (1985).

Here, Plaintiff relied to his detriment on misinformation, just like members of the USUHS Class of 1986 and Class of 1987. Yet all members of the Class of 1986 were granted relief by Defendant. And Army and Air Force members of the Class of 1987 who were situated similarly to Plaintiff in that they were subject to recruiter misinformation, have also been granted relief by Defendant. In contrast, Plaintiff has been treated differently by Defendant for no rational basis, merely because the BCNR determined that it would be "wrong" to grant relief "to <u>any</u> members of the Class of 1987 <u>regardless of recruiter misinformation</u>." AR 2 (emphasis added).

Thus Plaintiff was treated by Defendant differently than similarly situated individuals who were literally and figuratively in the same class, and thus in all relevant aspects alike. Because such disparate treatment bears no rational relationship to any legitimate governmental purpose, it violates Plaintiff's rights under the equal protection component of the Due Process Clause of the Fifth

Amendment. *See Heller v. Doe by Doe*, 509 U.S. 312, 320 (1993); *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992). Thus the BCNR's decision is contrary to law and should be set aside by this Court.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that Plaintiff's cross-motion for judgment on the administrative record be granted.

Respectfully submitted,

/s

David P. Sheldon (446039)
LAW OFFICES OF DAVID P. SHELDON, PLLC
Barracks Row
512 8th Street, S.E.
Washington, D.C. 20003
(202) 546-9575

Attorney for Plaintiff

December 6, 2007